96  618
97  307

# Gadsden Land & Improvement Co. *v.* First Nat. Bank of Gadsden.

*Action on Promissory Note by Assignee.*

1. *Plea not applicable to count subsequently filed.*—When another count is added to a complaint after a special plea is filed, which plea is never interposed as a defense to such second count, but trial is had on issue joined on a general denial, the facts proven under such special plea can not be considered in the finding and judgment of the trial court on the second count.

APPEAL from City Court of Gadsden.
Tried before Hon. JOHN H. DISQUE.

This action was brought by the First National Bank of Gadsden against the Gadsden Land & Improvement Company, and the complaint originally contained only one count in the ordinary form of complaint on a promissory note; the defendant plead the general issue and *non est factum.*   The plaintiff afterwards amended its complaint by adding a count setting forth a copy of the note sued on, to which defendant interposed a general denial and trial was had without a jury on issue joined on all the pleas.

DORTCH & MARTIN, for appellant.

JAMES L. TANNER, for appellee.

McCLELLAN, J.—This case was tried by the judge of the Gadsden City Court without a jury.   This appeal presents for review the finding and judgment of the court on

[Troy Fertilizer Co. v. Logan.]

the evidence. The only point made against the correctness of the judgment is that the plaintiff took issue on a special plea of *non est factum*, which set up that the note sued on was executed by the president of the defendant company and in its name by himself as president without the authorization of the board of directors of said company, which both the law of the State and a by-law of the corporation required to the validity of the execution of the paper. The facts alleged in the plea were proved; and had this plea gone to the whole complaint we should have to reverse the judgment notwithstanding facts may have existed which should have been brought forward by a replication and which, had they been thus presented to the court, would have answered and avoided the plea. But the plea did not go to the whole complaint. When it was filed the complaint contained but one count. Afterwards another sufficient count was added by amendment. And to this second count the special plea was never filed, but instead only a general denial—the general issue—was interposed, issue joined thereon, the trial had upon that issue and judgment rendered thereon. The special plea can not therefore be at all considered in passing upon the finding and judgment of the trial judge under the second count.—*Knowles v. Steed*, 97 Ala. 573; and as the correctness of that finding and judgment is assailed here only on the ground that the averments of that plea were sustained by the testimony, a consideration which is of no importance where the judgment is referable to a good count to which the plea was not interposed, it only remains for us to affirm the judgment of the City Court.

Affirmed.