# Bates v. Chapman.

*Bill in Equity for dissolution of partnership, and for
accounting.*

1. *Appeal; from what orders an appeal lies.*—Where a court over-
rules one defendants demurrer and motion to dismiss a bill, both the
motion and demurrer being on the ground that the bill is without
equity, and at the same time, sustains demurrers of other defendants
on the ground that they are not proper parties, and afterwards, after
the expiration of thirty days, the defendant whose demurrer and
motion had been overruled, refiles the same demurrer and motion.
and the court decrees "that the motion to dismiss and the demurrer
are the same which have been passed upon by the court, and it is
therefore ordered and decreed that they be each overruled;" *Held*
that the order is in effect a mere *striking out* of the refiled motion and
demurrer, the only proper order to be made under the circumstances,
and from it no appeal lies.

APPEAL from Tuscaloosa Chancery Court.
Heard before Hon. THOMAS COBBS.
The facts are sufficiently stated in the opinion.

W. G. COCHRAN & JONES, and MAYFIELD, for appellant.
FITTS & FITTS, *contra.*

McCLELLAN, J.—The bill in this case was filed by

[Bates v. Chapman.]

Chapman in May, 1893, against Joseph T. Bates, The Alabama and Great Southern Railroad Co. and one Chichester. At the Fall term of the court, on November 2d, 1893, Bates filed a motion to dismiss the bill for the want of equity and a demurrer to the bill. At this time there had been filed and were pending separate demurrers to the bill by the railroad company and Chichester, each upon the ground that the bill showed the demurrant was not a proper party respondent thereto. This demurrer by the railroad company was confessed. On November 7th, 1893, the motion to dismiss and demurrer of Bates and the separate demurrer for misjoinder of Chichester were together passed upon by the chancellor, and in a decree then rendered he sustained Chichester's demurrer, holding that he was not a proper party respondent to the bill, and overruled the motion and demurrer of Bates. At the next term of the court, on May 7th, 1894, the complainant amended his bill by striking out the names of the railroad company and Chichester as parties respondent, which the confession of the company's demurrer and the decree sustaining that of Chichester rendered necessary. This amendment did not have and could not have had any possible bearing upon the case as between complainant and Bates since the elimination of these parties from the case was solely on the ground that they had no concern with it. And, moreover, in passing upon the motion and demurrer of Bates filed November 2d, 1893, the chancellor must have considered them as addressed to a bill exhibited against Bates alone, as these other parties had been or were at the time of and as a part of the decree overruling Bates motion and demurrer, adjudged to be improperly in the case.

No appeal was taken by Bates from the decree overruling his motion and demurrer rendered on November 7th, 1893, within thirty days thereafter, nor at any time; nor can that decree be now appealed from or presented for review until there shall be a final decree on the merits. On June 16th, 1894, Bates refiled his motion to dismiss the bill for want of equity, and also refiled the demurrer originally filed November 2d, 1893, and overruled November 7th, 1893, the grounds of demurrer being the same. These being again submitted to the chancellor, he entered the following decree, November 4th,

[Cole v. Tuck.]

1894: ''Upon a consideration of said demurrer and mo-
tion to dismiss, the court finds that the motion to dis-
miss and the demurrers are the same which have here-
tofore been passed upon by this court.   It is therefore
ordered, adjudged and decreed that they each be sever-
ally overruled.''   And from this decree, the present ap-
peal is prosecuted by Bates.

· This order or decree was in no just or legal sense a
decree overruling the motion to dismiss the bill for want
of equity and the demurrer thereto.   No point attempted
to be made by the motion or the demurrer was at all
considered or adjudged by the chancellor, but to the con-
trary the order is expressly based upon the fact, found
in it to exist, that the motion and demurrer ''are the
same which have heretofore been passed on by the
court.''   The order was therefore in substance and effect,
as appears upon its face, a mere *striking out* of the refiled
motion and demurrer, the only proper order to be made
under the circumstances, and from it no appeal lies.

Appeal dismissed.