# Sloss-Sheffield, Steel & Iron Co. *v.* Hutchinson.

*Action for Personal Injuries Under Employer's Liability Act.*

.[DECIDED DEC. 21, 1905*, 40 So. REP. 114.]

1. *Master and Servant; Injury to Servant; Defective Appliance; Complaint.*—A complaint which alleged that a stationary engine was defective, without specifying what part of the engine was defective, and in the operation of which plaintiff was injured, sufficently particularized what part of the ways, works, machinery or plant was defective.

2. *Appeal; Rulings on Evidence; Exceptions; Necessity For.*— Where the record does not show that a party excepted to the ruling of the court on the admission of evidence, but afterwards moved to exclude the testimony and excepted to the refusal of the court to exclude it, and the assignment of error reads, "The Court erred in overruling defendant's objec-

tion to the following question," it is not reviewable in the first instance, and the assignment raises no question as to the second instance.

3. *Evidence; Conclusions; Narration of Facts.*—One suing for injuries received while operating a stationary engine may testify that he had to oil the part he was oiling, as this is rather a narration of his duties than a conclusion.

4. *Trial; Direction of Verdict; When Authorized.*—Where there is evidence tending to support the material allegations of the complaint it is not proper to give the affirmative charge for defendant, unless the evidence in the case, as a matter of law, supported the defendant's special pleas.

5. *Master and Servant; Personal Injury to Servant; Defect in Apppliances; Jury Question.*—It is a question for the jury to determine whether or not defects exist, when the evidence shows that the governor hung up, and a promise of the master mechanic to repair it.

6. *Same; Contributory Negligence; Instructions.*—Where the action was for personal injuries sustained by the employe in the operation of a stationary engine, and the defense set up was that he negligently exposed his hand to danger, an instruction that the jury could not find for the plaintiff, if plaintiff occupied a negligent position about the engine, and as a proximate consequent thereof, his hand was caught and injured, is misleading, in that he might have occupied such negligent position, and still not have his exposed his hand negligently.

7. *Trial; Instructions.*—Charges which ignore parts of the evidence, or which give undue prominence to portions of the evidence are properly refused.

8 *Same; Observation and Experience of Jurors.*—Jurors are authorized to bring to bear upon the facts their *common* observation and experience, and a charge which omits the word *common*, as applied to observation and experience, is properly refused.

9 *Trial; Instructions; Applicable to Pleadings.*—In an action for injuries received by an employe while operating a stationary engine, the defense set up by special plea was that plaintiff exposed his hand to the danger of its being caught and injured by the machinery, and as a proximate consequence thereof his hand was injured, and the court refused to charge that if plaintiff was negligent in the manner in which he was oiling the engine at the time of the accident, and such negligence proximately contributed to his injury, there could

[Sloss-Sheffield Steel & Iron Company v. Hutchinson.]

be no recovery by him. Held, error, the plea being broad enough to cover charge. (Anderson and Denson, JJ., dissenting.)

*Rehearing denied Jan. 30, 1906.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

This was an action by appellee to recover damages for injury to his hand caused by a stationary engine which he was operating. It was brought under the employer's liability act and counts on the defect in the ways, works, machinery or plant of defendants. It is alleged that the engine was part of these and was defective, but no special defect is pointed out by the complaint. Demurrers were overruled and defendant filed a plea of general issue and a special plea as follows:

"The defendant for further answer to the complaint says, that the plaintiff negligently exposed his hand to the danger of its being caught and mashed or cut, or otherwise injured by the machinery or appliances of said engine, while it was in operation, and as a proximate consequence thereof, he was injured as complained of. The charges requested by the defendant and refused by the court were as follows:

1. The general affirmative charge. 2nd, I charge you that under the evidence the governor on the engine in question was such, as is used on engines in ordinary use at prudently operated plants of this kind.

4. In weighing the testimony of the witnesses in this cause, and considering the amount of credit you will give to each of them, you have a right to consider the interest they have in the result of the action, if any; their connection with parties to the suit, and all other facts and circumstances, and apply to it your observation and experience in life, in order to arrive at the truth, and you must bear in mind too, that when plaintiff becomes a witness he must be subjected to the same scrutiny.

6. You cannot find for the plaintiff if you believe that he occupied a negligent position about said engine, and that as a proximate consequence of such negligence, his hand was caught and injured.

7.   If you believe from the evidence that the governor was defective and that that defect caused the engine to speed up and injure the plaintiff's hand, still you cannot find a verdict for the plaintiff, if you further believe from the evidence that the plaintiff was himself guilty of negligence in and about the manner in which he was oiling said engine, and that such negligence proximately contributed to his injury.

There was motion for a new trial which was refused.

WEATHERLY & STOKELY, for Appellant.—The demurrer to the complaint should have been sustained. Its allegation of the defect was too vague and uncertain.—13 Enc. Pl. and Pr. 908.   Being an engineer, the plaintiff should have pointed out with a greater degree of certainty the defect in the engine.—L. & N. R. R. Co. v. Jones, 130 Ala. 456; furthermore, the complaint is in the alternative.   The defect alleged is in the ways, works, machinery or plant, and then particularizes a defective engine, which was a part of defendant's machinery.—S. S. S. & I. Co. v. Mobley, 139 Ala. 425; Mayor and Ald. v. Ewing, 116 Ala. 576.

A general objection to testimony is sufficient when the evidence offered is, on its face, patently illegal.   Hence objection should have been sustained to the question, would an engine suddenly speed up that way unless that defect existed?—Espalla v. Richards & Son, 94 Ala. 159; Richards v. Bestor, 90 Ala. 352; Gabriel v. State, 40 Ala. 357; Lecroy v. Wiggins, 31 Ala. 13; Pool v. Devers, 30 Ala. 672.   And this rule is not changed by Rule of Practice Circuit Court, No. 34, Code 1896, p. 1202.

The general charge should have been given for the defendant.   The plaintiff testified that he could not tell exactly what was the matter with the governor, that he could not explain how the governor hung up.

And it is not shown that the governor hung up more than once and that some forty-eight hours before the accident happened.—L. & N. R. R. Co. v. Binion, 98 Ala. 570; K. C. M. & B. R. R. Co. v. Burton, 97 Ala. 240; La-Batt M. & S. Vol. 2, § 587.

[Sloss-Sheffield Steel & Iron Company v. Hutchinson.]

The other refused charges should have been given. They conformed to the evidence and were correct statements of the law.

The motion for new trial should have been granted. The verdict was contrary to the evidence.—*M. L. C. & Ry. v. Chambliss,* 97 Ala. 171; *So. Ry. Co. v. Lollar,* 135 Ala. 375.

BOWMAN, HARSH & BEDDOW, for Appellee.—The demurrer to the complaint was properly overruled.—*M. L. C. & Ry. Co. v. Chambliss,* 97 Ala. 171; *L. & N. R. R. Co. v. Mothershead,* 12 South. 715; *A. G. S. R. R. Co. v. Davis,* 119 Ala. 572; *B. C. M. Co. v. Parker,* 134 Ala. 293; *So. Ry. Co. v. Guyton,* 122 Ala. 231.

If any of the charges requested by the defendant and refused by the court, were bad, all were bad and the court committed no error in refusing them, as the assignment of error and the record shows that they were asked in bulk.

Charge 1, the general affirmative charge for the defendant was properly refused. There was evidence tending to support the allegations of the complaint.—*So. Ry. Co. v. Shelton,* 136 Ala. 191; *White, et al. v. Farriss,* 124 Ala. 461; *Monton v. L. & N. R. R. Co.,* 128 Ala. 539.

Charge 7 was bad, and properly refused.—*B. R. & E. Co. v. City Stable Co.,* 119 Ala. 615; *Thompson v. L. & N. R. R. Co.,* 91 Ala. 501; *Life Assu. Asso. v. Neville,* 72 Ala. 517; *Pulman P. C. Co. v. Adams,* 120 Ala. 599.

There is no merit in the assignment that the court erred in refusing to grant a new trial. The evidence supported the verdict.—*Cobb v. Malone,* 92 Ala. 630; *R. & D. R. R. Co. v. Farmer,* 97 Ala. 141; *So. Ry. Co. v. Crowder,* 130 Ala. 256.

ANDERSON, J.—The complaint in this case avers that the engine was defective, thus particularizing what part of the ways, work, machinery, or plant was defective, and need not have specified what particular part of the engine was defective. The demurrer was properly overruled.—*Mary Lee Coal & Ry. Co. v. Chambliss,* 97 Ala. 171, 11 South. 897; *Bear Creek Mill Co. v. Parker,*

134 Ala. 293, 32 South. 700; *A. G. S. R. R. v. Davis,* 119 Ala. 572, 24 South. 862; *Southern R. R. v. Guyton,* 122 Ala. 231, 25 South. 34. The rule declared in the case of *L. & N. R. R. v. Jones,* 130 Ala. 456, 30· South. 586, is not in conflict with the foregoing authorities. There the count that was condemned failed to specify what part of the appliances used by the defendant to get said·car upon the track was defective, as many appliances may have been used in the act or attempt.

The second assignment of error is as follows: "The court erred in overruling defendant's objection to the following question, 'Would an engine speed up that way unless that defect existed?'" The record shows that the defendant objected to this question, but assigned no ground, and does not show that defendant excepted to the ruling of the court. After the answer the defendant moved to exclude same, and excepted to the ruling of the court in refusing to exclude, but the action of the court upon the motion to exclude is not complained of in the assignment of error. There was no error in permitting the defendant to testify that he had to oil those parts where he was oiling. It was not a mere conclusion of the witness, but was a narrative of a part of his duties, and as he had charge of the engine he was certainly competent to testify and give his opinion as to whether or not certain parts of the engine needed oiling. If there was any evidence tending to support the material averment of the complaint, then, unless the evidence conclusively and as a matter of law supported the special pleas, the general affirmative charge for the defendant should not have been given.—*Southern R. R. Co. v. Shelton,* 136 Ala. 191, 34 South. 194, and cases there cited. In the case at bar the plaintiff testified: "While I was running the engine something got the matter with it; the governor hung up, and caused it to speed up, and when they would stop it would cause the engine to speed up quickly, and if the air was low it would run away. * * * I reported that difficulty to the master mechanic, and he told me he would have it fixed." The plaintiff also testified that "an engine would not suddenly speed up that way unless that defect existed. There was something in this

governor that was corroded, or something like that." It will be observed that the plaintiff testified not only to the hanging up of the governor and the action of the engine the night he was injured, but that the same thing happened previous thereto, and which fact he reported to the master mechanic. It is very clear that the existence or non-existence of a defect was a question for the jury, and the trial court properly refused charge 1. The case relied upon by counsel for appellant (*L. & N. R. R. v. Binion,* 98 Ala. 570, 14 South. 619), wherein it was held that the general charge should have been given for the defendant because of no proof of a defect in the brake, is unlike the case at bar. The plaintiff in that case testified that a short time before the accident he himself put on the brake, and that he found no difficulty in doing so; that he put on the brake on that particular car, and did not see anything wrong with the brake. Besides, in the *Binion Case, supra,* the opinion indicates that the defendant was entitled to the general charge, even if the brake was defective, as the proof failed to show that the defect, if one did exist, was the proximate cause of the fall.

Charge 2 was properly refused. It was misleading in view of the fact that it left out of consideration the tendency of the evidence as to defects in the governor.

Appellant does not insist on a consideration of charge 3.

Charge 4 was argumentative. It also tells the jury they may apply their "observation and experience in life." Jurors can apply their common observation and experience, or an experience only common to ordinary men.

Charge 6 was properly refused. The defendant's plea of contributory negligence charges the plaintiff with negligently exposing his hand to the danger of being caught, and seeks to hold him responsible for the position he occupied. He may have occupied a negligent position, and still not have negligently exposed his hand.

A majority of my brothers think that charge 7 should have been given, and that its refusal is reversible error. They think that, although the plea confines the plaintiff's

negligence to the exposure of his hand, it was broad enough to cover the charge, inasmuch as he was hurt while oiling the engine, and that he was oiling it by the use of his hand. The writer does not think that the case should be reversed for the refusal of the charge. The defendant in its plea confined the contributory negligence to a single point, that of "negligently exposing the hand," and the charge seeks to relieve the defendant as to any negligence in and about the manner of oiling the engine. The charge has a misleading tendency, and the jury might infer therefrom that they could not find for the plaintiff, if he was guilty of any negligence at all in oiling the engine, even if he did not negligently expose his hand. Before a case should be reversed for giving or refusing a written charge, it should plainly appear that the trial court was in error, and, if a charge is refused which has a misleading tendency, the lower court should be upheld for refusing the same. "Contributory negligence is a special and affirmative defense. To be availed·of, it must be pleaded with particularity. And no other acts of negligence than those specially pleaded can be proved, and, if proved, they cannot be made a predicate for a verdict for the defendant."—*Southern R. R. v. Shelton,* 136 Ala. 191, 34 South. 194; *Alabama Midland R. R. v. Johnson,* 123 Ala. 197, 26 South. 160; *Birmingham R. R. Co. v. City Stable,* 119 Ala. 615, 24 South. 558, 72 Am. St. Rep. 955. Justice DENSON concurs with the writer as to said charge 7.

The judgment of the city court is reversed and the cause is remanded.

Reversed and remanded.

HARALSON, TYSON, DOWDELL, and SIMPSON, JJ., concur. ANDERSON and DENSON, JJ., dissent.