# Birmingham Railway, Light & Power Co. v. Fox.

## *Crossing Accident.*

(Decided June 29, 1911.  Rehearing denied Dec. 21, 1911.
56 South. 1013.)

1. *Negligence; Complaint; Requisites.*—While a complaint for negligent injury need not specify the particular act of diligence omitted by the defendant, yet where simple negligence constitutes the cause of action, the plaintiff should bring himself within the protection of the negligence averred by alleging such a relationship as authorizes his recovery for simple negligence.

[Birmingham Railway, Light & Power Co. v. Fox.]

2. *Same; Contributory; Comparative.*—The doctrine of comparative negligence does not exist in Alabama, and where a plaintiff's negligence though slight, is the proximate cause of the injury, he cannot recover for the simple antecedent negligence of defendant.

3. *Same; Acts in Emergencies.*—The rule that one who suddenly acts when surrounded by unwarned peril, is not as a matter of law, chargeable with contributory negligence for failure to exercise the care imposed upon a prudent man under normal conditions, can have no application, where one wrongfully and voluntarily puts himself in a dangerous position, and then attempts to escape from the danger.

4. *Same; Pleading.*—To be available as a defense, contributory negligence must be specially pleaded, and only such negligence as is pleaded can defeat a recovery.

5. *Street Railways; Injuries to Pedestrians; Complaint; Sufficiency.*—Where the complaint alleges that the defendant operated an electric car line, along a certain street in a city for the transportation of passengers, and that the servants or agents operating the car negligently ran over deceased, causing her death, it is sufficient, as the facts appear sufficiently that the accident happened upon a street of a city and sufficiently shows that decedent was not a trespasser, each having equal rights in the street, and each owing to the other the duty to exercise ordinary care to avoid injury.

6. *Same.*—Such a complaint sufficiently shows decedent was rightfully on the street at the time of the accident, and did not need an additional averment as to what she was doing at the time, for if she was misusing the street, or was guilty of negligence at the time, that was matter for defense.

7. *Same.*—A complaint merely alleging that a person named ran a car against a decedent at a certain point on a designated street where the company operated a street car line, and used cars for passengers, but which does not aver that the car was on the company's line, was fatally defective in failing to connect the company with the injury complained of.

8. *Same; Contributory Negligence; Pleading.*—As a defense to an action against a street car company for the death of a traveler struck by a car, a plea which alleges that decedent was guilty of negligence, proximately contributing to her death in that decedent went on or attempted to cross in front of and in dangerous proximity to the car, without looking for the car, is defective for a failure to aver that the attempt to cross the track was in front of an approaching car.

9. *Same; Instructions.*—A charge asserting negligence in attempting to cross the track in dangerous proximity to an approaching car should hypothesize knowledge of the approach of the car.

10. *Same; Care Required.*—The fact that a pedestrian is negligent in going upon the car track in front of an approaching car, does not relieve the motorman of the duty of sounding the gong, and using efforts to stop the car after discovering the pedestrian on the track.

11. *Same.*—A charge which fails to take into account subsequent negligence, but predicates a verdict for the defendant if the deceased

was guilty of negligence in attempting to cross the track, and such negligence proximately contributed, even in the slightest degree to the injury, was misleading, as tending to lead the jury to believe that plaintiff could not recover for subsequent negligence if the decedent was guilty of negligence in attempting to cross the track.

12. *Same; Abstract Instructions.*—Where the action was for the death of a pedestrian struck by a street car, and the motorman testified that he saw decedent in the center of the parallel track, and before she came on to the track on which his car was operating, and this was not disputed, a charge asserting that if a pedestrian is negligent in crossing a street railway track, and such negligence proximately contributes to the injury, he cannot recover on account of the mere failure of the motorman to keep a proper lookout for him, was abstract and properly refused.

13. *Same.*—The word "mere" as used in an instruction cannot be construed to mean only initial negligence, but is broad enough to lead the jury to believe that a plaintiff cannot recover for any sort of negligence on the proof of contributory negligence, and hence, a charge asserting that if decedent was guilty of the slightest negligence proximately contributing to the accident, the jury may not award plaintiff any damages for any mere negligence of defendant or its servant, was properly refused.

14. *Same.*—Where the action was for the death of a pedestrian struck by a street car operated on a street, it is proper to charge that one who walks on a street railway track must first look to see whether a car is approaching.

15. *Same.*—Where there was no plea of contributory neglignece on decedent's part subsequent to or concurrent with the negligence of the motorman alleged in the complaint, a charge which pretermits right of recovery for subsequent negligence if the decedent was guilty of the slightest negligence, was properly refused.

16. *Same; Jury Question.*—Where, under the facts, it was a question for the jury to determine whether decedent was guilty of contributory negligence in attempting to cross the track in front of an approaching southbound car, a charge was properly refused as abstract and misleading which asserted that if decedent attempted to cross the track in dangerous proximity to the car, she was guilty of negligence.

17. *Pleading; Demurrers; Refiling.*—Where a demurrer was filed to a complaint, and the complaint is amended, whether before or after the ruling on demurrers, in order to have the benefit of the demurrers to the amendment count, they must be reinterposed to the count as amended.

18. *Same; Waiver.*—Under section 5370, Code 1907, an amendment to a complaint consisting merely of a change of the names of the servants alleged to have negligently inflicted the injury complained of, does not deprive the demurrant of the right to review the rulings on demurrer made before the amendment.

19. *Same; Complaint; Construction.*—On demurrer a complaint is construed most strongly against the pleader.

20. *Bills of Exceptions; Power of Judge to Sign; Statute.*—A judge who tried a case may sign the bill of exceptions, although at that

time, on account of the judge's illness, a special judge is sitting in his place to try cases, since Acts 1907, p. 255, does not create a vacancy in the judge's term of office, but was simply a compliance with section 161, Constitution 1901.

21. *Charge of Court; Referring Questions of Law to the Jury.*— Charges which require the jury to examine the pleas to determine what is meant by the instruction are properly refused; charges should hypothesize the facts relied on as a defense.

22. *Same; Conformity to Issue.*—Where a plaintiff amends his complaint by striking out a count before its submission to the jury, the affirmative charge as to such count is properly refused as not conforming to the issues.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Carl Fox, administrator of Lillie Newman, against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following counts of the complaint are referred to in the opinion: (1) "Plaintiff, who sues as administrator of the estate of Lillie Newman, deceased, claims of the defendant, a corporation, the sum of $30,000 as damages, for that, to-wit, on the 21st of November, 1905, the defendant company was engaged in operating an electric car line in the city of Birmingham, and along Nineteenth street, between Sixth and Eighth Avenues North, in said city, and used cars drawn or propelled by electricity for the transportation of passengers upon said streets. Plaintiff avers that on, to-wit, the 21st day of November, 1905, the servants, agents or employees of the defendant company, whose names are unknown to plaintiff, who had charge and control of a certain car of the defendant company, operating the same upon said Nineteenth street, did so negligently run and operate said car that the same ran over, upon, or against the deceased, then and there and thereby inflicting upon her injuries, bruises, and wounds, and then and there and thereby causing her death, which

occurred on the 22d day of December, 1905." The second count is the same as the first, except that it is averred that one Gillespie, whose name is otherwise unknown to the plaintiff, was the agent, employee, or servant of the defendant who had charge and control of a certain car, etc. The third count is the same as the first count, down to and including the words "passengers upon said streets," where they first occur therein, and adds the following averment: "Plaintiff avers that on, to-wit, the 21st day of November, 1905, the servant, agent, or employee of the defendant, whose name is unknown to the plaintiff, who was in charge or control of a certain street car or electric car upon said street, did wantonly and recklessly or intentionally cause the death of the deceased, by wantonly and recklessly or intentionally running said car over, upon, or against the deceased, then and there and thereby greatly injuring her about the head, body, and limbs, and then and there and thereby causing her death, which occurred on, to-wit, the 22d day of December, 1905." (4) Same as 3, except that the servant in charge or control of the car is alleged to have been named Gillespie. The amendment to the count was to insert the name of Dykes, instead of Gillespie.

Plea 7 is as follows: "Defendant, for further plea and answer to each count of plaintiff's complaint, separately and severally says that plaintiff's intestate was herself guilty of negligence which proximately contributed to her said alleged injuries and death, in this: Plaintiff's intestate, Lillie Newman, went upon or attempted to cross the railway track of the defendant in front of and in dangerous proximity to the defendant's said car, which was then and there approaching her on the said street, without looking for said car." Plea 8 is similar to 7, except that it alleges that plaintiff's in-

testate negligently attempted to cross the railway track of the defendant in front of and in dangerous proximity to the said car, which was then and there approaching her, without looking for said car.

The following charges were refused the defendant: (2) "The court charges the jury that, if you believe from the evidence that plaintiff's intestate attempted to cross the defendant's track in dangerous proximity to an approaching car, she was guilty of negligence." (3) "The court charges the jury that one who walks upon a street railway track must first look to see whether a car is approaching on the track." (5) "I charge you that if a pedestrian is negligent in crossing or attempting to cross a street railway track on a public highway, and such negligence proximately contributed in the slightest degree to an injury received by the pedestrian in being struck by a car on the said track, he cannot recover any damages on account of the mere failure of the motorman to keep a proper lookout for him, nor on account of the mere failure to sound the gong of said car." (6) "If the jury believe from the evidence that plaintiff's intestate was guilty of negligence in attempting to cross defendant's track, and that such negligence proximately contributed even in the slightest degree to her injury, then the plaintiff cannot recover on account of any mere negligence on the part of the motorman." (17) "The court charges the jury that if you believe from the evidence that the plaintiff's intestate negligently attempted to cross the defendant's track, and such negligence proximately contributed even in the slightest degree to the injuries received by her by being struck by defendant's car on such track, then the plaintiff in this case cannot recover any damages on account of the mere failure of the motorman to keep a proper lookout for the intestate, if you believe from the evidence there is such

[Birmingham Railway, Light & Power Co. v. Fox.]

failure." (8) "If the jury believe from the evidence that the defendant's motorman was guilty of negligence, if you also believe from the evidence that the plaintiff's intestate was also guilty of the slightest negligence such as is pleaded, and that such negligence proximately contributed to her injury, you must find for the defendant, unless you also believe from the evidence that plaintiff's intestate was either willfully, wantonly, or intentionally injured." (9) "If you believe from the evidence that plaintiff's intestate was guilty of the slightest negligence, such as is pleaded in this case, and that such negligence proximately contributed to her injury, then you cannot award plaintiff any damages for any mere negligence on the part of the defendant or its servants." Charge 11 was the affirmative charge as to the ninth count.

It appears from the record that after the trial of this case, and before the signing of the bill of exceptions, the judge trying the case became ill and unable to try cases, and that the proper authorities had designated another to serve as judge pending his recovery and ability to again assume the duties of his office, and that the bill of exceptions was signed by the judge trying the case, after the appointment of such other judge to take his place upon the bench.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in overruling demurrers, to the 1st count, as it fails to disclose any relation existing between plaintiff's intestate and defendant, or to aver any fact giving rise to any duty owed by defendant to plaintiff's intestate.—*L. & N. v. Holland,* 164 Ala. 73; *B. R. L. & P. Co. v. Jones,* 153 Ala. 157; *Ensley Ry. Co. v. Chewning,* 93 Ala. 25; *Gadsden Ry. Co. v. Julian,* 133 Ala. 371; *Anniston E. & G. Co. v. Elwell,* 144 Ala. 317;

*Glass v. M. & C.,* 94 Ala. 581; *Montgomery v. A. G. S.,* 97 Ala. 305; *B. R. L. & P. Co. v. Jones,* 146 Ala. 277; *Huggins's Case,* 148 Ala. 153. For the same reason the demurrers to the 2nd count should have been sustained. The court erred in overruling the demurrers to the 4th count.—*Gordon v. T. C. & I. R. R. Co.,* 164 Ala. 205; *Glass v. M. & C., supra; C. of G. v. Foshee,* 125 Ala. 199. The 3rd charge requested by defendant should have been given.—*Jaffee v. B. R. L. & P. Co.,* 166 Ala. 578; *Anniston E. & G. Co. v. Rosen,* 159 Ala. 195. The court erred in refusing the 5th charge, as well as the 6th.—*Jaffee v. B. L. R. & P. Co., supra.* The court erred in refusing charge 17 and charge 8.—*Bynum v. B. R. L. & P. Co.,* 139 Ala. 389; *B. R. & E. Co. v. Bowers,* 110 Ala. 328; *Anniston E. & G. Co. v. Rosen, supra; B. R. L. & P. Co. v. Hayes,* 153 Ala. 178. The court erred in refusing charge 11.—Authorities supra. The court erred in sustaining demurrer to defendant's 7th plea.—*Anniston E. G. Co. v. Rosen, supra; B. R. L. & P. Co. c. Oldham,* 141 Ala. 199; *C. of Ga. v. Foshee, supra.* Where a count has been amended in an immaterial particular, it is not necessary to refile demurrers to such count in order to get advantage of the former rulings thereon.—*S. S. & I. Co. v. Mitchell,* 161 Ala. 278; *Gutta Percha Co. v. City of Attalla,* 39 South. 719.

ALLEN & BELL, for appellee. The bill of exceptions should be stricken.—Acts 1907, p. 254; Sec. 3267, Code 1907; 81 E. C. L. 29; 54 E. C. L. 795; *McGee v. Reynolds,* 117 Ala. 413; 59 Kan. 143. The court was not in error in overruling demurrer to the 1st count, as it sufficiently appears therefrom that plaintiff's intestate was on 19th Street in the city of Birmingham, and therefore, on a public thoroughfare.—*B. R. L. & P. Co. v. Moore,* 148 Ala. 115; *Bd. of Revenue v. State,* 54 South.

755; 61 Pac. 986; 7 Words & Phrases, 6250, et seq. Rulings on demurrer will not work a reversal if the party had all the advantage it could have had, had the rulings been otherwise.—*Marlowe v. Rogers,* 102 Ala. 387. The record shows that the 2nd, 4th, 8th, 10th and 13th counts were amended and does not show a refiling of any demurrers to these counts.—*Teleg. Co. v. Craw-ford,* 110 Ala. 460; *C. of Ga. v. Ashley,* 160 Ala. 580. This matter cannot be shown by bill of exceptions.— *Gaines v. The State,* 149 Ala. 29; *Syson v. Dickenson,* 146 Ala. 471. Therefore, if it appears that count 1 is similar to either of these counts, the rulings as to that count was without injury, if it was error.—Authorities supra. Counsel discuss the assignments of error relative to charges and in support of the court's rulings thereon, they cite.—*McWhorter v. A. G. S.,* 156 Ala. 269; *K. C. M. & B. v. Matthews,* 142 Ala. 298; *Holmes' case,* 97 Ala. 332. The court properly sustained demurrers to the defendant's 7th plea.—*Snyder v. M. Ry. & P. Co.,* 146 Ala. 345; *Anniston E. & G. Co. v. Rosen,* 159 Ala. 195. The plaintiff was not a trespasser.— *Williams v. B. R. L. & P. Co.,* 158 Ala. 387; *Glass v. M. & C.,* 94 Ala. 581. Counsel criticise authorities cited by appellant, and attempt to show their inapplicability to the points cited.

ANDERSON, J.—While it has been repeatedly held that the complaint in cases of this character need not define the quo modo, or specify the particular acts of diligence omitted, yet, when simple negligence constitutes the cause of action, it is incumbent upon the plaintiff to bring himself within the protection of the negligence averred by alleging such a relationship as would enable him to recover for simple negligence.— *L. & N. R. R. Co. v. Holland,* 164 Ala. 73, 51 South.

365,137 Am. St. Rep. 25; *Gadsden R. R. v. Julian,* 133 Ala. 373, 32 South. 135; *Ensley v. Chewning,* 93 Ala. 25, 9 South. 458.

Count 1, however, in the case at bar, meets the requirements, and shows that the plaintiff's intestate was not a trespasser upon the defendant's track, and was in a position to invoke the negligence averred. She was rightfully upon a street in the city of Birmingham, and had as much right to be there as did the car of the defendant. Their rights were equal, and they were both rightfully upon said public highway. The intestate as a citizen or traveler and the defendant, while operating a car on its own track, was simply using the highway as such in one of the uncommon but modern ways of travel, each one owing the other the duty to avoid a collision or injury by the use of ordinary care. The complaint sufficiently avers that the defendant was operating a car along or upon a street in the city of Birmingham for the transportation of passengers upon said street, and we must assume that the track was the ordinary street car track, and so embodied in the street and connected therewith as to become a part of the highway. Such a street railway as was described in the case of *Glass v. M. & C. R. R. Co.,* 94 Ala. 581, 10 South. 215, and which was there conceded to be a part of the highway, but unlike the track dealt with in said case. There the roadbed was an ordinary steam railroad track, forming no part of the highway, and the injury occurred upon a trestle crossing a ravine. The case of *Birmingham R. R. v. Jones,* 153 Ala. 157, 45 South. 177, while holding that the track there considered was not a part of the highway, the opinion expressly excepted "what was known as street railways" usually constructed in such a manner as to be incorporated in and become a part of the street. The count

showing that the intestate was not a trespasser, the defendant owed her the duty of not negligently hurting her.

It is next insisted that the complaint does not show what the intestate was doing when injured, that she may have been in such a position as to deprive her of protection even upon a highway. Precision and nice pleading would doubtless suggest that the pleader should aver that the intestate was traveling the street, crossing over or going up and down it, or whether on foot or in a vehicle or upon a horse, yet these averments are not absolutely essential, as the count shows that she was not a trespasser, but was, presumptively, rightfully upon the street when run over by the defendant's street car. If she was misusing the street, so as to make her position at the point when injured wrongful or improper, this would be matter of defense, as the complaint showed that she was not a trespasser and had a right to be where she was when injured, regardless of how she got there, and, if she was guilty of negligence as to the manner in which she conducted herself at the time, it was a matter of defense.

Count 8 in the case of *Anniston Electric & Gas Co. v. Elwell,* 144 Ala. 317, 42 South. 45, did not show that the defendant's track was a street car line so as to be a part of the highway, and, unless it was, the plaintiff may have been a trespasser, under the *Jones and Glass Cases, supra,* notwithstanding the injury may have occurred upon the streets of Anniston. Nor did it appear from the complaint in the case of *Ensley v. Chewning,* 93 Ala. 25, 9 South. 458, that the plaintiff was not a trespasser, it does not give the place of the accident, or show that the defendant's track was a street car line on a street at the point where the plaintiff was injured. It appears from the record (page 30) that, after the court

overruled the demurrers to the complaint, the plaintiff amended counts 2 and 4 by inserting the name "Dykes" in place of "Gillespie," and the demurrers were not refiled to the counts as amended. As to when demurrers should and should not be refiled has created some little confusion in this state, and, regardless of the result in the instant case, we shall attempt to set out the proper rule as sanctioned by our authorities, and explain and qualify any declarations or expressions therein which may appear to be in conflict with the true and proper rule.

In the case of *L. & N. R. R. Co. v. Woods,* 105 Ala. 561, 17 South. 41, the opinion states: "When a demurrer or pleas are filed to a complaint, and the record shows a subsequent amendment of the complaint by adding additional counts or otherwise, the party desiring the benefit of the demurrer or pleas which were filed previous to the amendment against the count as amended should refile them." This is sound, and, to hold otherwise, courts would have to file for parties, demurrers, and pleas to a complaint in cases in which they did not see proper to do so themselves. A demurrer to an original complaint should not by the court be made applicable to an amended complaint, unless the demurrant refiles it to said amended complaint. It must be noted, however, that the *Woods Case, supra,* does not hold that in order to get the benefit of the point, in ruling upon the demurrer or pleas to the count before amendment, they must be refiled after amendment, but simply holds that the original demurrer or plea to the complaint before amendment will not be considered as applicable to the complaint after amendment, unless refiled. In the case of *Central of Ga. Ry. v. Ashley,* 160 Ala. 580, 49 South. 388, it is said: "When demurrers are filed to pleadings, and before action on the demurrers the

pleadings are amended, in order to have the benefit of the demurrers, the same should be reinterposed to the pleadings after amendment." This ruling is sound; for, if the complaint is amended before rulings on the demurrers to the original complaint, there is no ruling on the demurrers, and, unless they are refiled to the amended complaint, there is no demurrer to said complaint. We, therefore, hold that a demurrant or pleader cannot invoke a ruling on pleading as to a complaint to which said demurrer or plea is not interposed, and the court has no right to interpose them for him; but this is an entirely different proposition from a party's right to review a ruling on his plea or demurrer to the original complaint, and which was made before the amendment of same, and which was not reinterposed after the amendment. If he seeks a ruling as to the amended complaint, he should refile his plea or demurrer, but he does not have to refile them to the amended complaint in order to review the action on same to the original complaint, but which said ruling he is entitled to review upon appeal unless it appears that he has waived the same or got the benefit of same.

The statute (section 5370 of the Code of 1907) expressly provides that a party does not lose his right to assign error upon a ruling against him by pleading over, unless he has subsequently had the benefit of same. This statute was held to be applicable to a question like the one under consideration.—*Seaboard Mfg. Co. v. Woodson*, 94 Ala. 143, 10 South. 87. So the question that arises is, When does he waive the right to review the ruling upon his demurrer or plea, notwithstanding the complaint was amended subsequent to said ruling? The rule is that if the pleading is amended so as to eradicate the part objected to by the plea or demurrer or in an attempt to obviate the point taken by the plea

or demurrer the demurrant waives his right to review the ruling, unless he reinterposes his demurrer to the amended pleading, and gets a ruling on same, but if the amendment does not relate to the point or defect taken by the demurrer or plea, but to some other or different matter or part of the complaint, the defendant does not waive his right to review the ruling made before amendment. This holding is supported by the cases of *Seaboard Co. v. Woodson,* 94 Ala. 143, 10 South. 87; *Sloss Co. v. Mitchell,* 161 Ala. 278, 49 South. 851; *Bates v. Chapman,* 108 Ala. 225, 19 South. 837; *Elyton Land Co. v. Denny,* 108 Ala. 553, 18 South. 561. True, the last two are equity cases, but each of them held that, as the amendment of the bill did not affect the point taken by the demurrer to the original bill, said demurrer was not only not waived, but the respondent had no right to refile the same demurrer to the amended bill, and the court in speaking through Stone, J., in the case of *Voltz v. Voltz,* 75 Ala. 569, said: "On this question, it is not perceived that any difference should obtain in the practice in equity and in common-law courts." Nor is this rule in conflict with the *Woods* and *Ashley Cases, supra,* or the case of *Land Co. v. First Nat. Bank,* 96 Ala. 618, 12 South. 170, as those cases were discussing the right to rulings on the amended pleading, and not the right to review rulings on demurrer to the complaint before amendment. It is true the case of *Sloss Co. v. Mitchell, supra,* as reported, does not show whether the ruling upon the demurrer was before or after amendment, but the record shows that the demurrer was overruled before the last amendment, and the court properly held that said minor amendment did not preclude the defendant from the right to review the action of the court in overruling the demurrer to the complaint before said last amend-

ment. In the case of *Voltz v. Voltz,* 75 Ala. 569, it was held that the demurrer should have been refiled, but the court in speaking of the amendment said: "This amendment, although, perhaps, too general for accurate pleading, was nevertheless an attempt to heal the defect objected to." So this case rather supports, instead of opposes, the present holding. In the case of *Savannah, A. & M. R. R. v. Buford,* 106 Ala. 409, 17 South. 395, the demurrer was not disclosed by the record, and the court assumed that the pleas, as amended, met the defect pointed out by the demurrer. In the case of *Western Union Co. v. Crawford,* 110 Ala. 460, 20 South. 111, the court declined to consider the demurrer, because the record did not set out the complaint to which it was directed. The record did not disclose with certainty the ruling complained of upon the demurrer. In the case of *Syson v. Dickens,* 146 Ala. 471, 40 South. 753, the record does not show the nature of the amendment, but what was said on the subject was gratuitous, for, after discussing the question, the writer says: "Moreover, this ruling is not insisted on as error in argument." The report of the case of *Cooley v. U. S. S. Co.,* 144 Ala. 538, 39 South. 515, does not disclose the amendment, but the opinion recites that the replication was not the same as it was when the court overruled the demurrer to it, and we can assume that the amendment was material, else the court should have considered the ruling on the demurrer, though not refiled. The case of *Harrison v. Ala. Mid. R. R. Co.,* 144 Ala. 246, 40 South. 394, recites approvingly the rule as laid down in the *Woods Case, supra,* but concluded with this statement: "However, the grounds of the objection to the original pleas were obviated by the amendment." This being true, the demurrers should, of course, have been refiled to the amended pleas. In the case of *Western*

*Union Co. v. Louisell,* 161 Ala. 231, 50 South. 87, the court held that, if the amendment wrought a material change, the demurrers should have been refiled, but declined to determine whether or not it was necessary to refile demurrers when the amendment to the complaint wrought no material change, preferring to pretermit the question, as the case had to be reversed upon other grounds. We have attempted .to go through and discuss all the cases bearing on this question, and, while there is conflict in the declarations as to the rule, there is little, if any, conflict in the actual ruling in said cases, but, in order that there may be less confusion in the future, we hereby modify and limit said cases in so far as they may collide with the rule above enunciated. We therefore hold that the amendment to counts 2 and 4 only changed the name of the motorman, and in no way materially affected or obviated the defects attempted to be reached by the demurrer, and in this respect the amendment wrought no change in said counts, and the defendant did not waive rulings, on its demurrers to the said counts, by failing to refile its said demurrers after the amendment.

Count 2 is substantially the same as count 1, and there was no crorr in overruling the demurrer thereto, for the reasons stated as to said count 1. In upholding these counts, however, we do not wish to commend them as models of good pleading, and repeat that much confusion could have been saved by setting out what the intestate was doing on the street or track when run over or against as well as the nature or character of the track at the point of the injury.

Count 4 is bad, and was subject to the defendant's demurrer. It does not aver that Gillespie (or Dykes) was the agent or servant of the defendant or that he was in charge of or operating the car for the defendant,

or that the car operated by him was the defendant's car. The only averment in the count which can connect the deefndant with the wrong in the slightest degree is that Gillespie (or Dykes) ran the car upon or against the deceased at a certain point on Nineteenth street where the defendant was operating a street car line and used cars drawn or propelled by electricity for the transportation of passengers upon said street. It does not even aver that the car in question was on its line, as there may have been another street car track at the said point on Nineteenth street, and Gillespie (or Dykes) may have been running said car on another line on said street for himself or some company other than defendant.

A complaint on demurrer must be construed most strongly against the pleader, but this rule is not needed to condemn count 4, as it cannot be well construed to charge negligence or a cause of action against this defendant. While our system of pleading is most liberal, it does not uphold a complaint which does not connect the party sued directly or indirectly with the injury set out.—*Gordon v. Tenn. Co.,* 164 Ala. 205, 51 South. 316.

Plea 7 failed to aver that the intestate negligently attempted to cross the track in front of and in dangerous proximity to the approaching car and was bad for this reason, but, if said plea could be construed as meaning that she negligently did so, it would be but a duplicate of plea 8, and under which the defendant got the full benefit of plea 7.

The bill of exceptions was signed within the time prescribed by the statute by Judge Senn, judge of the city court, and who tried the case, and the fact that he was ill and was not at the time of the signing of the bill in the actual discharge of his duties as a trial

judge, and that a special judge, designated under the terms of the act of Loc. Laws, 1907, p. 254, was then holding court in his place, did not invalidate his act in signing said bill of exceptions. He was still a judge, and there was no vacancy or hiatus in his term of office. The purpose of this act was merely to provide for an additional judge to hold court for and discharge the duties of the absent regular judge, and not to curtail or abridge the term of the incumbent. This court held in the case of *McGhee v. Reynolds,* 117 Ala. 413, 23 South. 68, that the bill of exceptions there was properly signed by Judge Speake, the regular judge, notwithstanding it was signed during a term of the court which a special judge had been designated to hold and before the expiration of the tenure of the special judge. It may be that the two statutes are not identical, but their general meaning and purpose is the same, and the Legislature did not intend that the regular judge would be so shorn of all his rights and powers as to deprive parties from getting a bill of exceptions in cases previously tried by him. The Legislature could probably abolish the office, as it was not created by the Constitution, but it is doubtful if it could create a vacancy or hiatus in the term, except for grounds provided in the Constitution, and Senn was still a judge. Moreover, section 161 of the Constitution merely authorizes the Legislature to provide for the holding of courts when the judge or chancellor fails to attend, and does not contemplate an abridgment or curtailment of the powers of the regular judge. The motion to strike the bill of exceptions is overruled.

There was no error in refusing charge 2 requested by the defendant. If not otherwise bad, it pretermits knowledge of the approach of the car.

[Birmingham Railway, Light & Power Co. v. Fox.]

Moreover, if correctly framed it would be abstract and misleading under the peculiar facts of the case. The intestate was in imminent peril from the approach of the north-bound car, and was endeavoring to avoid being run over by it, and in a mad rush for safety was not, as matter of law, guilty of negligence in attempting to cross the next track, the one upon which she was struck.

As a rule, one who suddenly acts wildly and madly, when unwarned peril surrounds him, is not as matter of law chargeable with contributory negligence for failing to exercise the obligations of care and prudence imposed upon a prudent man under normal and ordinary conditions as instinct would prompt him to use diligence to save his life or insure his safety, and the law wisely leaves it to the jury to determine whether or not his conduct under such circumstances amounts to negligence.—*L. & N. R. R. Co. v. Thornton,* 117 Ala. 282, 23 South. 778; *R. & D. R. R. Co. v. Farmer,* 97 Ala. 141, 12 South. 86. Of course, this rule does not obtain and cannot be invoked by one who wrongfully and voluntarily puts himself in such a dangerous position.— *McCauley v. Tenn. Co.,* 93 Ala. 357, 9 South. 611. It was, however, a question for the jury to determine whether or not the intestate was guilty of negligence in placing herself in the dangerous position from which she was trying to extricate herself by crossing over to the second track. Again, it was a question for the jury to determine whether or not she was guilty of negligence in attempting to cross the track in front of the approaching south-bound car, apart from the question of peril, even if she knew of its approach, as there was proof that she was signaling it to stop, and the jury could infer that she had reason to believe that it would stop before striking her or else slacken its speed so as to

enable her to cross before being struck. There was also proof of a stopping or slackening sign post at this point as well as a custom for cars to stop or slacken their speed before passing each other.

Charge 3 is in the abstract correct, and there would be no reversible error in giving same upon the next trial. As to whether or not its refusal would be justified so as to save a reversal of this case, we need not decide as it must be reversed for other reasons.

Charges 5, 6, and 17 each attempt to invoke contributory negligence of the intestate in and about crossing the track as against certain negligence therein hypothesized. The doctrine of comparative negligence does not exist in this state, and if the plaintiff's negligence, though slight, is the proximate cause of injury, he cannot recover for the simple antecedent negligence of the defendant, but the contributory negligence to preclude him must be specially pleaded, and it is only such negligence as is pleaded that can defeat a recovery, and not some proximate contributory negligence not specially pleaded.—*Sloss Co. v. Hutchinson,* 144 Ala. 221, 40 South. 114; *Southern R. R. Co. v. Shelton,* 136 Ala. 191, 34 South. 194; *Ala. Mid. R. R. Co. v. Johnson,* 123 Ala. 197, 26 South. 160; *Birmingham v. City Stable Co.,* 119 Ala. 615, 24 South. 558, 72 Am. St. Rep. 955; *A. G. S. R. R. Co. v. McWhorter,* 156 Ala. 269; 47 South. 84. The case of *Birmingham R. R. Co. v. Bynum,* 139 Ala. 389, 36 South. 736, seems to be opposed to this doctrine or the court evidently overlooked the fact that charge 5 in said case did not hypothesize the contributory negligence pleaded in reversing said case for the refusal of said charge 5, but it is unnecessary to expressly overrule said case at the present time for charges 5, 6 and 17 can be condemned for other reasons, even if we concede that they hypothesized the negligence as

pleaded, to-wit, in and about crossing the track.—*Sloss Co. v. Hutchinson, supra.*

As to charge 5 if not otherwise bad, its refusal can be justified for being abstract as to the failure to keep a lookout as the motorman was keeping a lookout, and testified without dispute that he saw the intestate while in the center of the north track, and before she came on his track.

Nor did the intestate's negligence relieve him of sounding the gong after he saw her on the track, and in this respect the charge fails to take account of subsequent negligence.

Charge 6 fails to take into account any subsequent negligence as mere negligence can include subsequent negligence, and the charge could have misled the jury to believe that the plaintiff could not recover for subsequent negligence in attempting to cross the track. The criticism of the first part of charge 5 fully covers charge 17.

There was no error in refusing charge 8, requested by the defendant. This charge, in effect, pretermits plaintiff's right to recover for subsequent negligence as set forth in count 5, if the intestate was guilty of the slightest negligence such as is pleaded, when as a matter of fact there was no plea setting up negligence on the part of the intestate subsequent to or concurrent with the negligence set forth in said count 5. In other words, the charge instructed a finding for the defendant, except for a wanton or willful injury, upon proof of defendant's pleas of contributory negligence, when none of them answered count 5, which charges subsequent negligence. The demurrers were sustained to these special pleas as to count 5, yet the charge requests a finding for the defendant upon proof of pleas, which did not go to said count, and notwith-

standing the said count may have been proved. Nor do we wish to be understood as indorsing the form of the charge in referring the inspection of the pleas to the jury.

Charges should hypothesize the facts relied upon as a defense, and not require the jury to examine and consider the pleas in order to determine what is meant by said charges.—*A. G. S. R. R. Co. v. McWhorter*, 156 Ala. 269, 47 South. 84.

Charge 9 is also faulty for seeking to defeat plaintiff's right to recover for subsequent negligence upon proof of the defendant's special pleas. True, the charge says you cannot award damages for any "mere" negligence on the part of defendant's servants, but the word "mere" cannot be construed as meaning only initial negligence, but is broad enough to mislead the jury to the belief that the plaintiff could not recover for any sort of negligence upon proof of defendant's special pleas.

The plaintiff amended his complaint by striking out count 9, as well as others, before the case was submitted to the jury, and the court did not err in refusing defendant's requested charge 11.

For the error above suggested, the judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, McCLELLAN, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.