Ex parte WEBSTER. (6 Div. 186.)

(Supreme Court of Alabama. June 19, 1924.)

Judges ⊛16(1)—New trial ⊛156—Prohibition ⊛10(2)—Special judge held de facto judge whose order continuing motion not void; and its determination not preventable by prohibition.

Special judge, appointed under Gen. Act 1919, p. 841, because of temporary disability of trial judge, *held* de facto judge, whose order continuing motion for new trial was not·void, so as to authorize prohibition against subsequent determination of motion, though Const. 1901, § 160, does not authorize special judge for such reason; section 161 authorizing a special judge in case of regular judge's inability to hold regular term.

Original petition by Effie Webster for writ of prohibition to Hon. S. F. Hobbs, Judge of the Fourth Judicial Circuit. Writ denied.

It is shown by the petition that petitioner filed suit against Leopold Loeb in the circuit court of Jefferson county, resulting in her favor; that thereafter defendant presented his motion for a new trial to one C. E. Wild-

# DAVIDSON v. STATE 471

**(211 Ala.)**

er, claimed to be acting as special judge of that circuit, who indorsed thereon, "Presented May 29, 1924, and continued to June 7, 1924. C. E. Wilder, Special Judge"; that the sole authority for said Wilder's claiming to act as special judge is a writing designating him to act as such in view of the inability of Roger Snyder, one of the judges (who, the petition shows, presided at the trial of the case above mentioned), temporarily to discharge the duties of his office, and signed "C. B. Smith, Presiding Judge."

It is averred that petitioner has never consented to the alleged appointment of Wilder as such special judge, had no notice that the motion for new trial would be presented to him, and did not agree to or acquiesce therein, or in the order made by him, and does not recognize his authority to act in the premises.

It is further averred that Hon. S. F. Hobbs, judge of the Fourth judicial circuit, was sitting as judge of the Tenth judicial circuit (Jefferson county), and presiding over the division usually presided over by Hon. Roger Snyder, temporarily absent; that the motion for new trial was called for hearing by Judge Hobbs, and counsel for defendant moved for a continuance; that counsel for plaintiff appeared specially for the purpose before Judge Hobbs, and objected to the court undertaking to hear, consider, or to make any order upon said motion upon the ground, among others, that the act under which Wilder was appointed special judge is null and void; that notwithstanding petitioner's objections the Hon. S. F. Hobbs entered on said motion an order passing the same to a future date; that said Judge Hobbs will continue to sit in the place of Judge Snyder, and will, unless restrained, undertake to hear and determine said motion for new trial or make other order therein.

It is prayed that said Judge Hobbs be required to show cause why he should not be prohibited from considering said motion, etc.

Horace C. Wilkinson, of Birmingham, for petitioner.

There is no authority of law for appointment of special judges, where the regular judge is merely temporarily unable to discharge his duties. Const. 1901, § 160; Ex parte Amos, 51 Ala. 57. The appointment of Wilder was absolutely void and he was not a de facto judge. Oates v. State, 56 Tex. Cr. R. 571, 121 S. W. 370; Ex parte Fish (Mo. App.) 184 S. W. 479; Stancliff v. Swingle, 30 Okl. 544, 120 Pac. 252; Van Slyke v. Insurance Co., 39 Wis. 390, 20 Am. Rep. 50; Bedingfield v. Bank, 4 Ga. App. 197, 61 S. E. 30; King Lbr. Co. v. Crowe, 155 Ala. 504, 46 South. 646, 130 Am. St. Rep. 65.

Cabaniss, Johnston, Cocke & Cabaniss, Gibson & Davis, and Brewer Dixon, all of Birmingham, for respondent.

Even if the act of 1919 be void, Hon. C. E. Wilder was a de facto judge. 33 C. J. 971; Roberts v. State, 126 Ala. 74, 28 South. 741, 30 South. 554; Walker v. State, 142 Ala. 7, 39 South. 242; Joseph v. Cawthorn, 74 Ala. 411; Masterson v. Matthews, 60 Ala. 260; 15 R. C. L. 517; Ex parte State Bar Ass'n, 92 Ala. 113, 8 South. 768; Ex parte State, 142 Ala. 87, 38 South. 835, 110 Am. St. Rep. 20.

PER CURIAM. It may be conceded that, if the order of Special Judge Wilder continuing the motion for a new trial was void, the same is not now in fieri, and a judgment granting said motion would be void, and would not support an appeal, and that the plaintiff therefore has the right to test the validity of Judge Wilder's order by the present process. We think, however, that, whether the act of 1919, page 841, under which Wilder was appointed be valid or not, he was a de facto judge, and the order made by him continuing the case was not void. Walker v. State, 142 Ala. 7, 39 South. 242. It is suggested that the rule declared in the Walker Case, supra, does not apply here, for the reason that the Constitution contemplates no such judge as the one provided by the act; that section 160 provides for the method of appointing a judge in case of the incompetency of the regular judge to try any particular case, and does not authorize a special judge because of the inability of the regular judge to hold court. We may concede that section 160 does not cover the present appointment; but section 161 gives authority for a special judge in case the regular judge is unable to hold a regular term. B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013.

The writ is denied.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.