(73 South. 724)

STEWART v. SMITH. (8 Div. 470.)

(Court of Appeals of Alabama. Jan. 15, 1918. On Rehearing, May 7, 1918.)

1. APPEAL AND ERROR ☞1042(1)—REVIEW—UNNECESSARY QUESTIONS.

While not approving the practice of testing the sufficiency of pleas by motion to strike, it is unnecessary to decide whether so striking defendant's pleas constituted reversible error, where defendant was permitted to have the full benefit of the defenses outlined in such pleas.

2. HIGHWAYS ☞181(3)—USE—FRIGHTENING ANIMALS—AUTOMOBILES.

A violation of Acts 1911, p. 634, § 18, requiring at least two lighted lamps on the front of a motor vehicle operated upon a public highway at night, is negligence, and if such proximately causes injury to one driving a mule by frightening the animal, the operator is liable.

3. HIGHWAYS ☞181(3)—USE—CARE REQUIRED—MULE-DRIVEN VEHICLE—DRUNKENNESS.

One attempting to operate a mule-driven vehicle upon a public highway while intoxicated to the extent commonly known as drunk is guilty of negligence, as a matter of law, precluding recovery for injuries sustained in collision with automobile, in view of the public policy to discourage the use of prohibited liquors, as shown by Acts 1915, p. 8, § 3, and Acts 1911, p. 634, making it a misdemeanor to operate a motor vehicle while intoxicated.

4. HIGHWAYS ☞172(1)—USE—FRIGHTENING ANIMALS—AUTOMOBILES—PRIVATE WAYS.

Acts 1911, p. 634, § 18, requiring lights upon motor vehicles, applies to public highways only, and does not affect the degree of care owed by an operator to travelers on a private road.

On Rehearing.

5. HIGHWAYS ☞184(1)—USE—ACTIONS FOR INJURIES—COMPLAINT—SUFFICIENCY.

A complaint for negligent injury upon a highway, to withstand appropriate demurrer, must state facts upon which the law raises and defines the duty owing from the defendant to the plaintiff, which facts must either relieve the plaintiff of wrongdoing, or show defendant's negligence after discovery of plaintiff's peril.

6. PLEADING ☞34(4)—DEMURRER—INFERENCES.

On demurrer, pleadings are to be construed most strongly against the pleader.

7. HIGHWAYS ☞184(1)—USE—ACTIONS FOR INJURIES—COMPLAINT—DEMURRER.

A complaint alleging that plaintiff when injured "was driving along a road which was generally used by the public," "and the defendant was driving along said road in an automobile," does not allege that the road was a public highway, nor that plaintiff was not a trespasser.

8. APPEAL AND ERROR ☞171(3)—REVIEW—PLEADING—CONTRIBUTORY NEGLIGENCE.

Although the defense of contributory negligence should be specially pleaded, the case must be reviewed as if so pleaded, where such issue was submitted to the jury upon evidence admitted under the general issue after a plea of contributory negligence was stricken.

9. NEGLIGENCE ☞141(6)—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

Instructions authorizing plaintiff's recovery for personal injuries resulting from his own negligence, or notwithstanding he contributed to his own injury, are reversible error.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Action by John R. Smith against Wiley Stewart for damages for personal injury.

Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The facts sufficiently appear. The following charges were refused to defendant:

(10) If you are reasonably convinced that at the time of the accident plaintiff was drunk, and because of this fact, if it be a fact, the accident occurred, and that it would not have occurred but for plaintiff being drunk, your verdict should be for defendant.

(11) If you find that plaintiff was drunk or asleep in his buggy and going along the public highway, this constituted negligence on the part of plaintiff, and if you further find that defendant was negligent in operating his automobile along the public highway, but that the injuries complained of by plaintiff would not have been inflicted, but for the fact, if it be a fact, that plaintiff was drunk or asleep in his buggy, going along the public highway, then your verdict must be for defendant.

(12) If you find as a fact from the evidence that plaintiff was drunk, and that but for this fact the accident would not have occurred, your verdict must be for defendant.

The charges given at plaintiff's request are as follows:

That noted as charge 2 in order on page 23, bill of exceptions, is as follows: I charge you that defendant Stewart was negligent as a matter of law if he operated his automobile at night without lights on the front, and if you believe that such negligence was a proximate cause of plaintiff's injuries, it is your duty to find a verdict for plaintiff. The other charge is: The fact that plaintiff was drunk or asleep will not, within itself, bar plaintiff of his right of recovery, if you are reasonably satisfied from the evidence that plaintiff operated his car negligently, and thereby proximately caused the injuries complained of, your verdict should be for plaintiff.

Osceola Kyle, of Decatur, for appellant. Callahan & Harris and Wert & Lynne, all of Decatur, for appellee.

BRICKEN, J. This is an action by Smith (appellee) against Stewart (appellant) for injuries alleged to have been sustained and proximately caused by Stewart's alleged negligence in the operation of an automobile.

The plaintiff's version of the case is that he was driving a mule hitched to a buggy, about 8 or 9 o'clock at night, going in a northerly direction on the right-hand side of the road; that he heard an automobile blow, and when he got nearly to it his mule got scared and turned suddenly to the right, and the plaintiff was thrown out of his buggy and injured; he would not say positively that the automobile struck the buggy. The plaintiff testified that he was awake at the time, and was not drunk.

The defendant's contention is that plaintiff was drunk on this occasion, and that the defendant was driving his automobile along the road going in an opposite direction to that in which the plaintiff was traveling, at a rate of speed of about 5 miles an hour; no lights were burning on the automobile, but the defendant observed plaintiff about 75 yards away, sounded his horn, and guided

his machine from the center of the road over to the right-hand side in the direction in which he was going, and continued to advance towards plaintiff at the same speed, and when defendant and plaintiff were about opposite each other, the plaintiff's mule slowly "angled off" towards plaintiff's right-hand side of the road, which caused the right fore wheel of his buggy to mount a small embankment about 10 inches high, and that this elevated the front of the buggy on the right-hand side; that plaintiff was at that time sitting on the extreme left-hand side of the buggy, in a drunken condition, which caused him to fall out of the buggy, as it was in the act of mounting said embankment. Defendant's evidence further tended to show that the mule hitched to plaintiff's buggy did not manifest any signs of fright until the plaintiff fell out on the ground on the left-hand side of the buggy, when the mule suddenly turned to the right, trotted off a short distance, and stopped of its own accord. The accident happened on or about the 26th day of November, 1914. The plaintiff had been to Cullman and was on his way home. A policeman of the city of Cullman, who had known plaintiff for 15 or 20 years, testified that he was drunk on that day, and the two attending physicians who attended him that night gave as their opinion that he was under the influence of liquor immediately after the accident; a justice of the peace gave evidence tending to show that the plaintiff was drunk when he passed the justice's home a short time before the accident. Like evidence was given by several other witnesses who reside on the road plaintiff passed along, also by a number of people who were guests in defendant's automobile at the time of the accident; a quart bottle about two-thirds full of whisky was found on plaintiff's person immediately after the accident.

On motion of the plaintiff, special pleas 2, 3, and 4 interposed by the defendant were stricken.

[1] While we do not approve of the practice of testing the sufficiency of a plea by a motion to strike, it is unnecessary for us to decide whether such action constituted a reversible error in this case, for the reason that the defendant was permitted to have full benefit of the defenses outlined in said pleas, under the issues as submitted by the court.

[2] The Motor Vehicle Law (Acts 1911, p. 634, § 18) requires that at least two lighted lamps must be on the front of every motor vehicle operated upon the public highways in this state during the period of from one-half hour after sundown to one-half hour before sunrise. A violation of this provision of the law by the operator of a motor vehicle is negligence; and if that negligence proximately caused the injury of which the plaintiff complains, he was entitled to recover, unless he was guilty of negligence which proximately contributed to his own injury.

[3] The trial court was requested by the defendant to instruct the jury, in substance, that if plaintiff was drunk on the occasion of the accident, he was guilty of negligence, and if that negligence proximately contributed to his injury, he was not entitled to recover. The question is thus presented to the court, for the first time, so far as we are advised, whether or not it is negligence as a matter of law for a man to get drunk and attempt to drive a vehicle drawn by a mule along a public highway between 8 and 9 o'clock at night.

It is certainly the public policy of this state to discourage the use and consumption of prohibited liquors and beverages. Acts 1915, p. 8, § 3. The operation of a motor vehicle by a party in an intoxicated condition is declared by law to be a misdemeanor, and of course would be negligence. Acts 1911, p. 634. In view of the public policy of the state, as shown by the above statutes, and having in mind the well-known effects of intoxicating liquors upon a person, and the usually helpless condition of the average person who partakes thereof, to the extent of becoming drunk, we feel no hesitancy in declaring that a party is guilty of negligence, as a matter of law, if he attempts to operate a mule-drawn vehicle upon a public highway while intoxicated to the extent that he is what is commonly known as drunk.

In this busy age when the public highways are alive with motor vehicles, apparatus drawn by animal power and pedestrians of both sexes and various ages, the driver of an animal-drawn vehicle owes a duty not only to himself, but to the public generally, not to so befuddle his faculties as to be unable to take such care of himself and team as an ordinarily prudent man would take under such circumstances, and if he is drunk, it is manifest that he is not in a condition, as a usual thing, to exercise the care that an ordinarily prudent man should exercise; in fact, his very condition, as a general proposition, incapacitates him from acting as an ordinarily prudent man should act, and we feel that the public policy of the state can be best subserved, and the interests of the citizens best protected, by putting persons bibulously inclined on notice (if there was ever any doubt about it) that they are negligent, as a matter of law, when they attempt to operate a mule-drawn vehicle upon a public highway while in a drunken condition. The interest and safety of the public requires that a clear mind and steady arm should control the reins on such occasions; and the characteristics and propensities of the faithful but eccentric mule are sufficiently well known for us to say that a body and mind that have become overwhelmed by the effects of alcohol are in no condition to foil such animal's fancies, or to curb its sometimes disastrous ambitions.

For the reasons above stated, charges 10, 11, and 12 requested by the defendant in writing should have been given.

[4] Construing the complaint most strongly against the pleader, it must be held that the road therein mentioned was not a public road. Walker v. A., T. & N. Ry., 194 Ala. 360, 70 South. 126. Acts 1911, p. 634, apply only to motor vehicles on a public highway, and for aught appearing from the complaint, the plaintiff was a mere licensee, or perhaps a trespasser, and if such was the case, the duty owed him by the defendant was materially different from that owed him if he was upon a public highway at the time of the accident. We are therefore of the opinion that the demurrer to the complaint should have been sustained; the views above expressed are sufficient to guide the court in another trial, and make it unnecessary for us to pass upon the other assignments of error. The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

## On Rehearing.

BROWN, P. J. (concurring). I concur in the reversal for the reasons following:

[5] In actions to recover damages resulting from negligence, it is incumbent upon the plaintiff to show that the defendant owed him a duty, that there was a breach of such duty, and that as a proximate consequence plaintiff suffered the injury of which he complains. While general averments as to the breach of the duty such as that the act or omission causing the injury was negligently done or omitted will suffice, a complaint, to withstand appropiate demurrer, must state facts upon which the law raises and defines the duty owing from the defendant to the plaintiff, and to this end the facts stated must either relieve the plaintiff of the imputation that he was a wrongdoer, or show that the injury was the result of negligence occurring after the discovery of peril. Walker v. A., T. & N. R. R. Co., 194 Ala. 360, 70 South. 126; G. & A. W. Co. v. Julian, 133 Ala. 371, 32 South. 135; B. R., L. & P. Co. v. Adams, 146 Ala. 270, 40 South. 385, 119 Am. St. Rep. 27; Postal Telegraph Co. v. Jones, 133 Ala. 225, 32 South. 500; B. R., L. & P. Co. v. Fox, 174 Ala. 665, 56 South. 1013; L. & N. v. Holland, 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25; Sloss-S. S. & I. Co. v. Weir, 179 Ala. 227, 60 South. 851; L. & N. R. Co. v. Ganter, ante, p. 323, 77 South. 917, and authorities there cited.

The complaint considered in Walker v. A., T. & N. R. R. Co., supra, by averring that the plaintiff was injured through the negligence of the defendant, its agents or servants, while he was crossing the defendant's track, relieved the plaintiff from the imputation that he was a wrongdoer. It is a familiar rule of law that one may cross over a railroad track wherever he may have occasion to do so, and the act of so crossing such track is not in and of itself negligence, nor does it constitute the person so crossing a wrongdoer or trespasser. Stringer v. R. R. Co., 99 Ala. 397, 13 South. 75; Glass v. Railroad Co., 94 Ala. 587, 10 South. 215; A. G. S. R. Co. v. Linn, 103 Ala. 134, 15 South. 508; 4 Mayf. Dig. p. 632, §§ 361, 362.

[6] In considering the complaint in this case in the face of the demurrers we must assume that the pleader has stated his case as favorably as the facts will justify, and its averments cannot be aided by implication or intendment. All such must be resolved against the pleader. Walker v. A., T. & N. R. R. Co., supra; N., C. & St. L. v. Blackwell, 79 South. 129.[1] Or, as the rule has been otherwise stated, "pleadings are on demurrer to be construed most strongly against the pleader, and must negative every reasonable adverse intendment." If we allow the averment to be true, but at the same time a case may be supposed consistent with it which would render the averment inoperative, such case will be presumed or intended, unless excluded by particular averment. Williams v. Tyler, 14 Ala. App. 606, 71 South. 51; Scharfenburg v. Decatur, 155 Ala. 654, 47 South. 95; Argo v. Sylacauga Merc. Co., 12 Ala. App. 442, 68 South. 534; Kershaw v. McKown, 12 Ala. App. 485, 68 South. 559.

[7] The only facts averred as matters of inducement, for the purpose of showing and defining the duty owed by the defendant to the plaintiff, are:

"That on said date and in the nighttime, he [plaintiff] was driving along a road which was generally used by the public, and was driving in a buggy drawn by a mule, and the defendant was also driving along said road in an automobile."

There is nothing in these averments showing that plaintiff had the right to use this road, or that relieved him from the imputation that he was a wrongdoer; non constat the road may have traversed the property of the defendant, and its alleged use may have been without his knowledge or consent, so that when these intendments are resolved against the plaintiff, his position is not as favorable as that of a licensee, but he is in the position of a trespasser. It is elementary that the mere use of private property by the public without claim of right, and without the knowledge or consent of the owner, can never ripen into a right or relieve the users of the imputation that they are trespassers. Jones v. Bright, 140 Ala. 268, 37 South. 79. The complaint was subject to the fourth ground of demurrer, and the court erred in overruling this demurrer.

[8] In addition to the general issue, the defendant filed special plea 3, which sets up facts appropriate to a plea of contributory negligence. On motion of the plaintiff this, with the special pleas, was stricken on the ground, as stated in the judgment of the court, that said pleas are covered by the plea

[1] 201 Ala. 657.

of the general issue, and on the trial of the case evidence was offered and received without objection tending to support the facts as stated in plea 3.

In the oral charge of the court we find this expression:

"In answer to that the defendant says that those facts were untrue, and the burden is cast upon the plaintiff to prove to your reasonable satisfaction these facts. The defendant says further that 'even though I admit that I was negligent,' which of course he does admit for the sake of defense in this case, he says that the injury to the plaintiff was not caused by his negligence, but because plaintiff was drunk, and that he fell from the buggy in that condition, which, if true, would be a complete defense to the plaintiff's complaint in this case. That is the issue in this case for the plaintiff and for the defendant."

These rulings of the court clearly show that the defense of contributory negligence was submitted to the jury, and under the repeated rulings of the Supreme Court and of this court, although this is a defense which should be specially pleaded, it is incumbent upon us to review the case as though the defense was specially pleaded. Atl. Coast Line Ry. Co. v. Kelly, 77 South. 972;[2] Richmond & Danville R. R. Co. v. Farmer, 97 Ala. 141, 12 South. 86; K. C., M. & B. v. Burton, 97 Ala. 240, 12 South. 88; Gainer v. Southern Ry. Co., 152 Ala. 186, 44 South. 652.

[9] The special charges given at plaintiff's request are not numbered in the record, and we find it impractical to deal with them specifically. However, we note that the charge second in order on page 23 as set out in the bill of exceptions, and appearing first in order on page 33 of the record proper, authorized plaintiff to recover for injuries resulting from his own negligence. The other charges given at the instance of the plaintiff authorized a recovery notwithstanding the jury may have found that the plaintiff was guilty of negligence contributing to his injury. Some of the charges requested by the defendant and refused, relative to the defense of contributory negligence, should have been given.

For these errors, the judgment was properly reversed, and the application for rehearing is therefore overruled.

Application overruled.

SAMFORD, J., concurs in the reversal.