(78 South. 713)

JINRIGHT v. ARCHER.   (4 Div. 535.)

(Court of Appeals of Alabama. April 16, 1918.)

1. PLEADING  &#9750;8(17)—CONCLUSIONS—NEGLIGENCE.

   A count in a complaint, alleging that defendant, while operating an automobile upon a public road, negligently ran automobile upon and against the buggy of plaintiff, and that by reason of such negligence and as a proximate consequence thereof plaintiff was thrown from buggy, and further alleging injuries sustained, *held* to state good cause of action for negligence.

2. PLEADING  &#9750;8(17)—CONCLUSIONS—NEGLIGENCE.

   A count, in a complaint for negligence, alleging that defendant so negligently and recklessly operated an automobile that it collided with the buggy of plaintiff, and that by reason of such negligence and as a consequence thereof plaintiff was thrown from buggy, *held* to state a cause of action.

3. NEGLIGENCE  &#9750;112—PLEADING—WANTON INJURY.

   An allegation that the injury was caused by the recklessness, wantonness, and willfulness of defendant is a sufficient allegation of wantonness.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Action by Frank Archer against J. G. Jinright, for damages for personal injury occasioned by collision with an automobile. From a judgment for plaintiff, defendant appeals. Affirmed.

The following are the counts referred to:

"(1) Plaintiff claims of defendant the sum of * * * damages for that on or about * * * defendant, while in charge of an automobile and running same on and along public roads or highways in Pike county, Ala., did negligently run said automobile upon or against the buggy of plaintiff, who was then and there

on said public road or highway in said county, and by reason of said negligence, and as a proximate consequence thereof, plaintiff was thrown from said buggy. [Here follows catalogue of injuries.]"

(2) Same as 1, negligence being stated as follows: " * * * Did so negligently and recklessly operate said automobile that by reason thereof, and as a proximate consequence thereof, said automobile collided with the buggy of plaintiff, who was then and there on said public road or highway in said county, and by reason of said recklessness and negligence, and as a proximate consequence thereof, plaintiff was thrown from said buggy. [Here follows catalogue of injuries.]

"(3) Plaintiff claims of defendant the sum of $5,000 damages, for that on or about June 25, 1916. the defendant, while in charge of an automobile, and running the same on and along a public road or highway in Pike county, Ala., did recklessly, wantonly, and willfully run said automobile upon or against the buggy of plaintiff, who was then and there on said public road or highway in said county, and by reason of said recklessness, wantonness, and willfulness, and as a proximate consequence thereof, plaintiff was thrown from said buggy; he was bruised and scratched about the head and body; his arm broken; his leg broken; he has suffered great pain and distress; and by reason of said injuries he is incapacitated to work, and has been put to a large expense in the treatment of said injuries."

The demurrers raise the point that the averments of negligence are but conclusions of the pleader, and fail to state the causal connection, and that count 3 fails to charge wantonness.

Action by plaintiff for damages for personal injury. From a judgment for plaintiff, defendant appeals.

D. A. Baker, of Troy, and J. A. Carnley, of Enterprise, for appellant. W. L. & R. S. Parks, of Andalusia, for appellee.

SAMFORD, J. [1, 2] The first two counts of the complaint sufficiently state a cause of action for simple negligence, and were not subject to the demurrers interposed.

[3] The third count of the complaint alleged that plaintiff's injury was caused by the "recklessness, wantonness, and willfulness" of the defendant. This count was not subject to the demurrer interposed. Highland Ave. & Belt R. R. Co. v. Robinson, 125 Ala. 483, 28 South. 28, in which case McClellan, C. J., says:

"The word 'recklessly,' when used conjunctively with 'wantonly,' always means something more than 'negligently.' The two words thus conjoined can never import less than such conscious disregard of and indifference to the probable consequences of the act to which they refer as is the legal equivalent of willful misconduct and intentional wrong."

In the case of Merrill v. Sheffield Co. et al., 169 Ala. at page 252, 53 South. 219, of the opinion, the difference between the conjunctive and the disjunctive conjunction is noted by the justice writing the opinion, and in passing upon the seventh count in that case, it will be noted that the charge is "negligently," "carelessly," and "wantonly," where-

as in the instant case, the charge is "recklessness, wantonness, and willfulness." We are not unmindful of the case of Cartlidge v. Sloan, 124 Ala. 596, 26 South. 918, and what appears to be the holding in that case, nor do we undertake to reconcile the two cases. Suffice it to say, according to our view, the allegation of recklessness, when coupled with an allegation of wantonness and willfulness, imports more than simple negligence.

The foregoing precludes necessity for a further discussion of the various rulings of the trial court. We find no error in the record, and the judgment is affirmed.

Affirmed.