(80 South. 162)

WESTERN RY. OF ALABAMA v. MADISON. (3 Div. 295.)

(Court of Appeals of Alabama, Nov. 12, 1918.)

1. NEGLIGENCE ⊚⇒110—PLEADING.

In stating a cause of action for negligence, plaintiff must show by appropriate averments that defendant owed him a duty, that there was a breach of such duty, and that injury resulted as a proximate consequence.

2. PLEADING ⊚⇒8(8) — BREACH OF DUTY — LEGAL CONCLUSION.

A breach of duty may be shown by general averments amounting to the statement of a legal conclusion.

3. NEGLIGENCE ⊚⇒113(1)—PLEADING—NEGATIVING FAULT OF PLAINTIFF.

In negligence action, averment of facts from which law raises a duty owing by defendant to plaintiff must relieve plaintiff from imputation that he was a wrongdoer, or that injury was the result of negligence occurring after the discovery of peril.

4. RAILROADS ⊚⇒300—INJURY AT CROSSING—DUTY OF RAILROAD.

Where railroad holds out invitation to the public to cross at a particular place, its duty without regard to statute is to protect public using crossing; the degree of care to be measured not by the statute, but by the potentialities and probabilities of the situation.

5. RAILROADS ⊚⇒312(7)—PRIVATE CROSSING—DUTY OF RAILROAD.

Railroad was not required to keep special lookout for wagon crossing track upon a private neighborhood crossing; its only duty in such case being to exercise reasonable diligence to avoid injury after becoming aware of perilous position of the wagon.

6. RAILROADS ⊚⇒350(2)—INJURY AT CROSSING—JURY QUESTION—NATURE OF CROSSING.

In action against railroad for injuries at crossing, whether the crossing was one maintained by the railroad, held, under the evidence, for the jury.

7. TRIAL ⊚⇒191(8)—INSTRUCTIONS—COMMENT ON EVIDENCE.

In action for injuries at railroad crossing, instructions that one who goes on track for purpose of crossing is not a trespasser, that railroad owes duty to keep lookout for such person, held invasive of province of jury by assuming that crossing was maintained by railroad company.

8. TRIAL ⊚⇒253(9) — INSTRUCTIONS — EVIDENCE.

In action for injuries at railroad crossing, involving question of whether crossing was maintained by railroad, or was private neighborhood crossing, a requested instruction ignoring the evidence tending to show that railroad maintained the crossing was properly refused.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by G. P. Madison against the Western Railway of Alabama. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint on which the trial was had charged that defendant was engaged in the business of operating a railroad in the county of Montgomery, and defendant did so negligently conduct its said business that upon a named date at a point between the city of Montgomery and the Mt. Meigs station, in said county, did run one of its engines or cars, being operated upon said railroad, against plaintiff's wagon, thereby, and as a proximate result and consequence of said negligence, breaking and injuring plaintiff's said wagon. The question turned on whether the road was a public road or near a private crossing. On this question plaintiff testified that the road in question crossed the tracks and went up to his sister's house through land formerly owned by his grandfather and father, and that the Madison kinfolk owned the land from the lower Wetumpka road, a public thoroughfare, up to where his sister lived, and that they had never sold any of it off, and that the land through which the road ran all belonged to the Madison family, and that this road was used for the convenience of people living up where his sister lived; that nobody lived up there except his sister and kinpeople, and their renters, and that the road is used mostly by his sisters and renters of the Madison family, although two or three other colored people live up there, and that they use this road when they had any heavy hauling to do; that he saw the Western Railway section hand fixing the crossing of the road with the railroad for the convenience of wagons. There was other evidence tending to show that the railroad kept the crossing in order, and evidence contra. The following are the assignments of error referred to:

(2) The trial court erred in charging the jury as follows: "And one who, with due care and

caution, goes on the track for the purpose of crossing is not a trespasser, and the railroad company owes the duty it owes to one who has the right to be on the tracks, and, gentlemen, for such a purpose a lookout must be maintained, since they are in no sense trespassers."

(3) Oral charge, also, as follows: "Having always the right to pass over the track, and in doing so when due care is observed by them not at their own peril, but upon the implication that the railroad company will keep a lookout for them in recognition of their right."

(4) Oral charge continued: "It was not incumbent on the railroad to keep up its crossing, but they owed a duty to keep a lookout and not negligently injure any one that was crossing that track."

The following is charge 6:

"If you believe from the evidence in this case that the road is a plantation road, then defendant owed plaintiff no duty until the wagon was discovered, and if you believe from the evidence that the engineer did all that could be done after the discovery of the wagon, then I charge you plaintiff cannot recover."

Steiner, Crum & Weil, of Montgomery, for appellant.

Hill, Hill, Whiting & Stern, of Montgomery, for appellee.

BROWN, P. J. [1-3] In stating a cause of action for negligence, it is incumbent on the plaintiff to show by appropriate averments that the defendant owed him a duty, that there was a breach of such duty, and that injury resulted as a proximate consequence. While a breach of duty may be shown by general averments amounting to the statement of a legal conclusion, the averment of the facts from which the law raises a duty owing by the defendant to the plaintiff must be more specific, and must relieve the plaintiff from the imputation that he was a wrongdoer at the time of the injury, or that the injury was the result of negligence occurring after the discovery of peril. Stewart v. Smith, 78 South. 724;[1] Walker v. A., T. & N. R. R. Co., 194 Ala. 360, 70 South. 126. What was said in the case first above cited is here appropriate:

"The complaint considered in Walker v. A., T. & N. R. R. Co., supra, by averring that the plaintiff was injured through the negligence of the defendant, its agents or servants, while he was crossing the defendant's track, relieved the plaintiff from the imputation that he was a wrongdoer. It is a familiar rule of law that one may cross over a railroad track wherever he may have occasion to do so, and the act of so crossing such track is not in and of itself negligence, nor does it constitute the person so crossing a wrongdoer or trespasser. * * * In considering the complaint in' this case in the face of the demurrers, we must assume that the pleader has stated his case as favorably as the facts will justify, and its averments cannot be aided by implication or intendment. All such must be resolved against the pleader. * * *

Or, as the rule has been otherwise stated, 'pleadings are on demurrer to be construed most strongly against the pleader, and must negative every reasonable adverse intendment.' * * *"

If, treating the averments as true, a state of facts consistent with them may be supposed, that would operate to render the averments insufficient, such a state of facts will be presumed or intended. Stewart v. Smith, supra; Scharfenburg v. Decatur, 155 Ala. 654, 47 South. 95; Argo v. Sylacauga Merc. Co., 12 Ala. App. 442, 68 South. 534; Kershaw v. McKown, 12 Ala. App. 485, 68 South. 559. There is nothing in the first count of the complaint in this case to show that the plaintiff at the time of the alleged injury was crossing the defendant's tracks, or to negative the intendment that he was loitering or traveling along the track, and the demurrers thereto should have been sustained.

What was said in Western Railway of Ala. v. Mitchell, 148 Ala. 43, 41 South. 427, is not applicable to this case. That was an action for damages for the negligent killing of mules that wandered upon the railroad tracks. Here we must assume, in the absence of averments to the contrary, that the wagon was on the defendant's tracks through human agency, and the rule of liability when applied to such cases is qualified by the presumption that intelligent beings will take steps to escape injury. Ga. Pac. R. R. Co. v. Blanton, 84 Ala. 158, 4 South. 621.

[4] If, as some of the evidence tends to show, the crossing was maintained by the railroad company, the rule of law stated in Walker v. A., T. & N. R. R. Co., supra, would govern as to the defendant's liability. It was there said:

"Where, however, a railroad company holds out an invitation to the public to cross at a particular place, as, for example, by preparing and maintaining a crossing for the public convenience, it assumes in the operation of its trains at such place, without regard to the statute, the burden of exercising the reasonable precautions to protect the public when using it on such inducement or invitation; the degree of care to be measured, not by the absolute requirements of the statute, but by the potentialities and probabilities of the situation thus created. Elliott on Railroads, § 1154."

[5] If, on the other hand, this was a mere private neighborhood crossing not maintained by the railroad, it was not incumbent upon the defendant to know of the presence of the plaintiff's wagon on the track, or to keep a special lookout for him. The only duty imposed upon the engineer under such circumstances is to use due and reasonable diligence to avoid injury after he became aware of the perilous position of the wagon. Walker v. A., T. & N. R. R. Co., supra; A. G. S. v. Linn, 103 Ala. 134, 15 South. 508.

[6-8] Under the evidence, it was a question for the jury as to whether or not the rail-

road maintained the crossing, and the excerpts from the charge of the court made the basis of assignments 2, 3, and 4, were invasive of the province of the jury, in that these excerpts assumed that the crossing was maintained by the railroad company. Charge 6 refused to the defendant ignores the evidence tending to show that the railroad maintained the crossing, and the charge was properly refused.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.