### ALABAMA POWER CO. v. HOLMES.
(8 Div. 145.)

(Supreme Court of Alabama.   Dec. 19, 1918.)

1. STREET RAILROADS ☞110(2)—COLLISIONS —PLEADING—"STREET RAILWAY."

A complaint, charging that defendant was engaged in operation of street cars on track on streets of H., and that plaintiff's buggy was run into or against on C. street in said city, sufficiently negatived that plaintiff was a trespasser; a "street railway" or "railroad" usually and ordinarily meaning a track upon a street on grade therewith and so laid as to be a part of the highway (citing Words and Phrases, Street Railroad).

2. PLEADING ☞34(4)—DEMURRER—CONSTRUCTION.

The rule, that when a complaint or plea is assailed by demurrer the same must be strictly construed against the pleader, does not forbid court from giving ordinary and general meaning to language employed, nor require it to resort to its exceptions for the purpose of condemning the same.

Certiorari to Court of Appeals.

Action by Willie Holmes against the Alabama Power Company. Judgment for plaintiff was affirmed by the Court of Appeals (16 Ala. App. 633, 80 South. 736), and the defendant petitions for certiorari. Writ denied.

Spragins & Speake, of Huntsville, for appellant.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ANDERSON, C. J. [1, 2] Count 3 of the complaint charges that the defendant was engaged in the operation of street cars running on a track on the streets of Huntsville, and that plaintiff's buggy was run into or against on West Clinton street in said city. We think that the natural and ordinary meaning of the complaint is that the plaintiff was injured upon a street by a street car running on a track upon a street in the city of Huntsville, and that it was the usual and ordinary street car track, ex vi termini, a track on grade with the street, and which was not an obstruction in the street, but was embedded in the usual and customary way so as to become but a part of the highway. We are not unmindful of the rule that he who relies upon simple negligence must bring himself within the class of those entitled to recover for such negligence, that is, negative being a trespasser; also, that a distinction has been made as between the rights of persons to use the track of a railway, other than crossing same, even in a public highway where the track is above the grade of the street and is so constructed as to not become a part of the highway. But we think that the count in question charges a street railway in a street at the point of injury and which ordinarily and usually means a track embedded in the street and on grade therewith and sufficiently negatives that the plaintiff was a trespasser when injured. Birmingham R. R. & L. P. Co. v. Fox, 174 Ala. 657, 56 South. 1013. Neither are we unmindful of the rule that, when a complaint or plea is assailed by demurrer, the same must be strictly construed against the pleader, and that the defect must not be cured or the omission supplied by inference or presumption; but this rule does not and should not forbid the court from giving the ordinary and general meaning to the language employed in order to determine the scope and effect of same and to sustain the pleading or require us to resort to exceptions in the construction and interpretation of the language employed for the purpose of condemning the same. While the terms railroad or railway are quite comprehensive, yet a street car track or a street railway or railroad usually and ordinarily means a track upon a street on grade therewith and so laid as to be a part of the highway instead of an obstruction upon same. 7 Words and Phrases, pp. 6693–6695, and cases there cited; Birmingham v. Fox, supra.

Counsel for petitioner concedes the sufficiency of the count under the Fox Case, supra, but insists that said case has been departed from by some of the more recent decisions. The cases cited, decided both before and since the Fox Case, have been examined, and none of them conflict with said case in the slightest, except perhaps the case of Birmingham R. R. & L. P. Co. v. Strickland, 192 Ala. 596, 68 South. 911. In the Strick-

land Case, supra, the statement of facts in the opinion shows that the intestate was struck by a "street car" upon a public avenue in the city of Birmingham, and the court should have presumed the ordinary rather than the exception; that is, that the track was upon grade with the highway, nothing to the contrary appearing, and notwithstanding the place of injury was some distance from the business center of the city. This case must therefore be qualified and overruled on this point. The case of Birmingham R. R. L. & P. Co. v. Jones, 153 Ala. 157, 45 South. 177, cited in the Strickland Case, was considered and differentiated in the Fox Case, supra. There it affirmatively appeared that the track was laid some distance above the grade of the street. The case of Glass v. M. & C. R. R., 94 Ala. 581, 10 South. 215, was also considered and discussed in the Fox Case, supra, and which it was deemed, excepted ordinary street railways from the rule applied in said Glass Case, supra.

The case of Benton v. City of Montgomery, 75 South. 473,[1] in no wise conflicts with the Fox Case, supra, or the present holding. It simply reaffirms the rule that, if the plaintiff crossed upon a car track elevated upon a trestle above the street, he was a trespasser and could not recover for simple, initial negligence.

The case of Bessierre v. A. C. G. & A. Ry., 179 Ala. 317, 60 South. 82, did not involve the point here decided, as the complaint there did not charge an injury by a street car upon a street of a city.

The case of Birmingham E. & B. R. R. Co. v. Stagg, 72 South. 164,[2] does not conflict with the present holding. Indeed, it tends to support the same, as it declares it to be the duty of a street car company to so lay its track as to not obstruct the use of the highway, and that it should be laid and kept with the same grade and level as the street.

We agree with the holding of the Court of Appeals that the trial court did not err in overruling the defendant's demurrer to the third count of the complaint.

The writ is, accordingly, denied.

Writ of certiorari denied.

McCLELLAN, J., concurs in conclusion.

MAYFIELD, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur in opinion and conclusion.

McCLELLAN, J. (concurring specially). This is a petition for certiorari to the Court of Appeals to revise its conclusion as reported in Alabama Power Co. v. Holmes, 80 South. 736.[3] On original consideration, the Court of Appeals applied the pertinent ruling in Birmingham Ry. Co. v. Fox, 174 Ala. 657, 56 South. 1013, deciding, in review of the trial court's action on demurrer to count 3 in this

[1] 200 Ala. 97.     [2] 196 Ala. 612.     [3] 16 Ala. App. 633.

cause, that the averments of count 3 disclosed that the plaintiff, Holmes, was not a trespasser. But on rehearing—doubtless out of deference to the effect of the deserved application of the familiar rule that requires pleadings, when assailed by demurrer, to be construed most strongly against the pleader (Brown v. Ins. Co., 86 Ala. 194, 5 South. 500, among many others)—the Court of Appeals denied the application for rehearing on the sole ground that the demurrer, quoted in the opinion on rehearing, did not "distinctly state," did not "specify," as Code, § 5340, requires, the particular objection presented by appellant to the Court of Appeals. In my opinion, the view taken by that court, in its response to the application for rehearing, was correct. In substance, the demurrer only asserted that the averments of count 3 (charging simple negligence only) did not show that plaintiff was not a trespasser. Whether the count was omissive in that respect depended entirely, under the doctrine of Birmingham Ry. Co. v. Jones, 153 Ala. 157, 45 South. 177, upon the proposition—to state it affirmatively—that the count described such construction of the railway as constituted it a part of the surface of the street. It thus appears that the demurrer's assertion was of the legal result that would or would not attend according to the character of the railway's construction in the street. In other words, the demurrer, instead of distinctly stating, specifying the fault in the pleading as the statute requires, simply asserted the consequence the law attaches to a certain status. So the Court of Appeals well observed that the trial court might have passed on the demurrer without ever suspecting that the question argued on appeal was the question presented to the trial court by the demurrer. Aptly grounded demurrer would have specified the objection that the averments of the count did not show that the railway was constructed as part of the street, or that its averments did not negative the idea that the railway was a superadded structure on the street.

For these reasons only, I concur in the denial of the writ prayed.