## MOBILE LIGHT & R. CO. v. HAROLD. (1 Div. 546.)

(Court of Appeals of Alabama. June 30, 1924.)

**1. Pleading ⬅34(4) — Construction against pleader on demurrer.**

On demurrer, averments must be construed most strongly against the pleader.

**2. Street railroads ⬅110(1)—Count for negligence held demurrable as not showing duty.**

A count, averring that while plaintiff was attempting to cross railroad track in his automobile, within limits of town, defendant's servant so negligently operated street car, that it collided with plaintiff's automobile, *held* demurrable as failing to show any duty owing plaintiff.

**3. Pleading ⬅214(4)—Averment plaintiff was lawfully crossing railroad is mere conclusion not admitted by demurrer.**

An averment that "plaintiff was lawfully crossing said railroad track" is a mere conclusion, not admitted or confessed by demurrer, and, in the absence of averred facts supporting it, adds nothing to the force of previous counts, otherwise demurrable.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 19 Ala. App. 299.

**4. Street railroads** ⊕══110(1)—Count for wanton negligence held sufficient.

Counts for wanton or willful injury, averring that defendant's agent or servant, while acting within the scope of his employment, "recklessly and wantonly, or intentionally" ran the street car against plaintiff's automobile *held* not demurrable.

**5. Street railroads** ⊕══117(5, 24)—Negligence and contributory negligence held for jury.

In automobile driver's action for injuries in collision with street car, evidence of negligence and contributory negligence *held* for jury.

**6. Street railroads** ⊕══104—Showing necessary to sustain charge of wanton negligence.

A charge of wanton negligence of motorman in colliding with automobile is not sustained, where it does not appear that he was conscious that injury would result, or that, being so conscious, he drove street car with reckless indifference to consequences.

**7. Street railroads** ⊕══81(5)—Operation of street car without headlight negligence.

Motorman operating street car through the dark without headlights is guilty of negligence respecting any injury proximately resulting from such operation.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by Ralph M. Harold against the Mobile Light & Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Defendant's requested charges 1, 2, 3, 5, 6, 8, and 9 are the affirmative charges in varying forms. Requested charges 20, 21, 22, 23, 24, and 25 assert that plaintiff · was guilty of contributory negligence and deny recovery under the several counts.

Harry T. Smith & Caffey, of Mobile, for appellant.

Contributory negligence was proven as a matter of law, and defendant was entitled to have charges given to that effect. L. & N. v. Williams, 172 Ala. 560, 55 South. 218; L. & N. v. Turner, 192 Ala. 395, 68 South. 277; Bailey v. So. Ry., 196 Ala. 133, 72 South. 67. The proof failed to show an accident at or near Holt Road crossing as alleged, and defendant was entitled to the affirmative charge as to all counts. Sims v. A. G. S., 197 Ala. 151, 72 South. 328; Liverett v. N., C. & St. L., 186 Ala. 111, 65 South. 54. There was no proof of wantonness and the affirmative charge as to the wanton counts should have been given. L. & N. v. Heidtmueller, 206 Ala. 29, 89 South. 191. Under a complaint charging negligent management, control, or operation of a street car, there can be no recovery for negligent failure to equip the car with a headlight. Reeves v. Henderson, Boyd Lbr. Co., 172 Ala.

526, 55 South. 191. Demurrer to counts 1, 2, 5, and 6 should have been sustained. B. R., L. & P. Co. · v. Nicholas, 181 Ala. 491, 61 South. 361.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

Counts 1, 2, 5, and 6 are based upon subsequent negligence, and it is immaterial whether the accident occurred at Holt's Road crossing. The words at or near are merely descriptive. Walker v. A., T. & N., 194 Ala. 360, 70 South. 125; Liverett v. N., C. & St. L., 186 Ala. 111, 65 South. 54; Stewart v. Smith, 16 Ala. App. 461, 78 South. 724; B. R., L. & P. v. Lide, 177 Ala. 400, 58 South. 990; C. of Ga. v. Thomas, 1 Ala. App. 267, 55 South. 443. The question of contributory negligence was for the jury. M. L. & R. R. Co. v. Harris Gro. Co., 17 Ala. App. 354, 84 South. 867; Montgomery L. & T. Co. v. Baker, 190 Ala. 144, 67 South. 269; Climer v. St. Clair Tel. Co., 200 Ala. 656, 77 South. 30; Hines v. Champion, 204 Ala. 227, 85 South. 511; Schmidt v. M. L. & R. R. Co., 204 Ala. 694, 87 South. 181; Ala. Power Co. v. Armour & Co., 207 Ala. 15, 92 South. 111; C. of Ga. v. Hyatt, 151 Ala. 355, 43 South. 867; B. R., L. & P. Co. v. Friedman, 16 Ala. App. 221, 77 South. 59. The plaintiff was entitled to go to the jury on the wanton counts. B. R., L. & P. Co. v. Leach, 5 Ala. App. 547, 59 South. 358; M. L. & R. R. Co. v. Drooks, 11 Ala. App. 595, 66 South. 824; L. & N. v. Davener, 162 Ala. 660, 50 South. 276; B. R., L. & P. Co. v. Broyles, 194 Ala. 64, 69 South. 562; B. R., L. & P. Co. v. Vernon, 197 Ala. 468, 73 South, 75; Mobile L. & P. Co. v. Thomas, 16 Ala. App. 629, 80 South. 693; Garth v. Ala. Traction Co., 148 Ala. 96, 42 South. 627.

BRICKEN, P. J. This action is by the appellee against appellant, for personal injury and property damage resulting to plaintiff and his automobile in a collision with defendant's street car.

The case went to the jury on counts 1, 2, 4, 6, 9, and 10 of the complaint charging negligence, and on counts 3 and 7 for wanton and intentional injury, and the general issue pleaded in short by consent, with leave to give in evidence matters of special defense.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

[1, 2] The only averment of inducement in the first count of the complaint, designed to show what, if any, duty defendant owed the plaintiff, is that, "while plaintiff was attempting to cross said railroad track in his automobile, within the limits of said town or village of Toulminville, and at or near the point where St. Stephens road and Davis-avenue and Holt road converge," defendant's

---

⊕══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

servant or agent, acting within the scope of his employment, "so negligently managed or operated" said street car that it collided with plaintiff's automobile with resulting injuries. There was a demurrer to this count, as well as to counts 2, 5, and 6, taking the point that they failed to state facts showing the defendant owed the plaintiff any duty. There were no averments in this count that the injury occurred while plaintiff was on a public street; hence it is not within the rule of B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013, followed in Alabama Power Company v. Holmes, 16 Ala. App. 633, 80 South. 736, and reaffirmed in Alabama Power Company v. Holmes, 202 Ala. 356, 80 South. 438.

It does not aver that plaintiff was crossing the street car track at a public or private crossing, averments necessary to bring the case within the rule of Walker v. Ala. Tenn. & Southern R. Co., 194 Ala. 360, 70 South. 125. And it does not aver that the motorman, after becoming aware of or discovering the peril of plaintiff's automobile on the track, negligently allowed the street car to collide with it. The counts were broad enough to authorize a recovery for both initial and subsequent negligence (Central of Ga. Ry. Co. v. Fosbee, 125 Ala. 199, 27 South. 1006), and to meet the objections asserted in the demurrer they should show that the defendant owed the plaintiff a duty in respect to the operation of said car at the time and place of the injury. Stewart v. Smith, 16 Ala. App. 461, 78 South. 724; Western Ry. Co. v. Madison, 16 Ala. App. 588, 80 South. 162. Construing the averments most strongly against the pleader, as must be done on demurrer, they import nothing more than that, while the plaintiff was crossing defendant's track in his automobile on its private property, and not at a place provided for the crossing of such vehicles, his automobile was run upon or against and injured, placing him in the category of a trespasser. Stewart v. Smith, 16 Ala. App. 461, 78 South. 724; Western Ry. Co. v. Madison, 16 Ala. App. 588, 80 South. 162.

Count 5 is subject to the same criticism.

[3] The averment in counts 2 and 6, that "plaintiff was lawfully crossing said railroad track," is a mere conclusion of the pleader, not admitted or confessed by the demurrer, and in the absence of averred facts supporting the conclusion adds nothing to the force of these counts. Sloss-Sheffield Steel & Iron Co. v. Smith, 166 Ala. 437, 52 South. 38.

The circuit court erred in overruling defendant's demurrer to counts 1, 2, 5, and 6 of the complaint.

[4] Counts 3 and 7 are for wanton or willful injury, and aver that the defendant's agent or servant, while acting within the scope of his employment, "recklessly and wantonly or intentionally" ran the street car against plaintiff's automobile. The demurrer to these counts was not well taken. Jinright v. Archer, 16 Ala. App. 450, 78 South. 713.

[5] The evidence shows that the plaintiff lived in the village of Toulminville, and that his property fronted on St. Stephens road, along which the defendant's street car tracks ran. He had a garage on his property which was practically on the property line and at a distance of about 12 feet from the east or nearest rail of defendant's tracks, and it was necessary to back out over defendant's tracks to get the automobile out of the garage. The garage was 68 feet south of Holt road or Craft highway. The plaintiff went to his garage about 5:30 in the morning for the purpose of backing his car out and driving to Mobile. There was evidence going to show that it was dark and cloudy.

Plaintiff testified: When he went to the garage he opened the door flush with the property line, turned on the lights in the garage and looked both ways along the street car track and saw nothing. He then went in and unlocked his car and started the motor and came out of the garage, looked both ways on the track, and, although he could see a distance of some 200 yards in the direction from which the street car approached, he testified he did not see the street car approaching. He then went back into the garage, got in the automobile, and backed it out at about two miles per hour. Just as the automobile got on the street car track plaintiff looked up in the direction in which the car was approaching and saw the car from 30 to 40 feet away from him, coming at a rate of 20 to 25 miles an hour. When plaintiff saw the street car his automobile was on the track, his car was in reverse. He then attempted to shift gears and go forward, but before he could move the automobile the street car struck it.

There was evidence showing that the street car was being operated without a headlight, and tending to show that when plaintiff turned on his lights in his garage the rays of the light extended out across the street car tracks.

Evidence offered by the defendant was to the effect that the accident occurred about 5:45 a. m.; that at this hour it was practically daylight and the motorman could see distinctly; that the motorman blew the whistle 100 yards before reaching Holt road, which was located 68 feet south of plaintiff's garage; that he slowed down at the point where there was a slow sign, practically coming to a stop, and then started up again, proceeding across Holt road; that when within about 40 feet of plaintiff's garage he discovered plaintiff backing his car out of his garage; the motorman, according to his testimony, then blew his whistle, put the air in the emergency and reversed the car; that he was then going about 10 miles an hour and the car which he was operating could

not be stopped at that speed at less than 65 or 75 feet.

There was also evidence tending to show that the car could be stopped within 20 to 25 feet going at a rate of 10 miles an hour, and that the motorman made no effort to stop the car until within 20 feet of the automobile.

The tendency of this evidence made the question of negligence on the part of the motorman and contributory negligence on the part of the plaintiff one for the jury, and charges 1, 2, 3, 5, 6, 8, 9, 20, 21, 22, 23, 24, and 25 were properly refused. Central of Ga. Ry. Co. v. Faust, 17 Ala. App. 96, 82 South. 36.

[6] The street car passed over the street crossing before it struck the plaintiff's automobile, and after due consideration of the evidence we find no reasonable basis to sustain the charge of wanton or intentional or willful injury. There was nothing in the circumstances shown in evidence to warrant a finding that defendant's motorman was conscious that injury would result as it did, or that, being so conscious, he drove the car with reckless indifference to such consequences, and hence charges 4 and 7, affirmative charge as to counts 3 and 7 should have been given. Johnston v. Warrant Warehouse Co., 211 Ala. 165, 99 South. 920.

[7] The appellant's contention is that the operation of a street car in the dark without headlights is not relevant to the negligence as averred in the complaint. We cannot agree to this contention for the reasons now to be stated: It is a matter of common knowledge that the headlight of the street car is an appliance designed for safe operation. It is not a matter of doubt that, if a motorman should operate a street car without appliances to stop it, and injury should result from its operation, he would be guilty of negligence in the operation of the car. It is just as free from question that a motorman operating a street car through the dark without headlights is guilty of negligence in respect to any injury that may proximately result from such operation. If the street car in the instant case had been properly equipped with a headlight, the plaintiff, when he looked up and down the track, if he did look as he testified, would or might have discovered the approach of the car; on the other hand, if it was dark, and the car had been properly equipped with headlights, the motorman could or might have discovered the automobile on the track in time to have averted the injury. At most, the jury had a right to find such to be the case. The principle stated in Reeves v. Henderson-Boyd Lumber Co., 172 Ala. 526, 55 South. 191, is not applicable to the facts in this case. There the injury resulted from "buckling" of a train because it was constituted of too many cars; hence the negligence was in the formation and not in the operation of the train.

The appellant's charges, asserting that operating the street car without headlights was not within the neligence charged in the complaint, were properly refused.

There are other questions presented by the assignments of error and argued, but, as the pleadings will have to be recast on another trial, we deem it unnecessary to treat the other questions presented, as they may not arise in the present form again. We deem what we have said a sufficient guide for the trial to follow.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.